PEOPLE v LABELLE

Docket No. 200253. Submitted July 14, 1998, at Grand Rapids. Decided
July 31, 1998, at 9:15 A.M.

Gordon LaBelle was convicted by a jury in the Ionia Circuit Court, James
K. Nichols, J., of malicious destruction of a building with the dam-
age exceeding $100. He appealed, alleging that evidence regarding
the labor costs incurred in repairing the damage to the building
was improperly admitted for the purpose of showing the amount of
damage to the building.

The Court of Appeals *held*:

1. Evidence of the reasonable costs of repair to the building was
properly presented to show the amount of damage caused by the
defendant. The cost of labor is an essential part of the cost of
repair.

2. Because there is no evidence in the lower court record to sup-
port the defendant's assertion that he was shackled at his trial, the
defendant's allegation that his wearing of shackles at trial denied
him his right to a fair trial need not be addressed.

Affirmed.

CRIMINAL LAW — MALICIOUS DESTRUCTION OF BUILDING — AMOUNT OF DAMAGE
— COST OF REPAIR — COST OF LABOR.

The amount of damage to a building, as an element of the offense of
malicious destruction of a building, may be shown either as the dif-
ference in the building's fair market value before and after the
injury or as the reasonable cost of repairing or restoring the prop-
erty; the cost of labor is an essential part of the cost of repair
(MCL 750.380; MSA 28.612).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Raymond Voet*, Prosecuting Attorney, and *Catherine M. Davis*, Assistant Attorney General, for the people.

*William A. Van Eck*, for the defendant on appeal.

Before: DOCTOROFF, P.J., and FITZGERALD and TALBOT, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of malicious destruction of a building with the damages exceeding $100, MCL 750.380; MSA 28.612. Defendant was subsequently adjudicated to be an habitual offender, fourth offense, MCL 769.12; MSA 28.1084, and was sentenced to five to fifteen years' imprisonment. Defendant appeals as of right. We affirm.

Defendant first argues that evidence of the labor costs incurred in repairing the damage to the building was improperly admitted for the purpose of showing the amount of damage to the building. We disagree. This Court has held, in cases involving the malicious destruction of personalty with the damage exceeding $100,[1] that the amount of the damage caused by the defendant may be established by showing either the difference in the property's fair market value or the reasonable cost to repair or restore the property. *People* v *Hamblin*, 224 Mich App 87, 96; 568 NW2d 339 (1997). The cost of labor is an essential part of the cost of repair. *Id.* at 100. Although *Hamblin* concerned the malicious destruction of personalty, the analysis employed in *Hamblin* is equally applicable in this case. Indeed, the sole distinction between the statute prohibiting the malicious destruction of personalty with the damage exceeding $100 and the statute prohibiting the malicious destruction of a building with the damage exceeding $100 is the language describing the damaged property.[2] Accordingly, we

---

[1] MCL 750.377a; MSA 28.609(1).

[2] MCL 750.377a; MSA 28.609(1) states in pertinent part:

conclude that the prosecutor properly presented evidence of the reasonable cost of repair to the building to show the amount of damage caused by the defendant.

Defendant also argues that his wearing of ankle shackles at trial denied him his right to a fair trial. However, there is no evidence in the lower court record to support defendant's assertion that he was in fact shackled. Consequently, this Court declines to review this issue.

Affirmed.

---

Any person who shall wilfully and maliciously destroy or injure the personal property of another . . . if the damage resulting from such injury shall exceed $100.00, shall be guilty of a felony.

MCL 750.380; MSA 28.612 states in pertinent part:

Any person who shall wilfully and maliciously destroy . . . any house, barn, or other building of another . . . if the damage resulting from such injury shall exceed $100.00, shall be guilty of a felony.