# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JUSTIN MICHAEL BURTON,

      Defendant-Appellant.

UNPUBLISHED
December 1, 2016

No. 328551
Chippewa Circuit Court
LC No. 14-001559-FH

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right from his conviction following a jury trial of malicious destruction of a building, MCL 750.380, and two counts of assaulting/resisting a police officer, MCL 750.81d(1). The trial court sentenced defendant, as a fourth habitual offender, MCL 769.12, to concurrent prison terms of three to 15 years on each conviction and ordered he pay $2,025 in restitution. We affirm.

## I. STATEMENT OF FACTS

The owner of a Sault St. Marie bar testified that defendant entered the bar with two friends, and the group requested a free drink for one of defendant's friends who, was celebrating a birthday. The bar owner declined, but a couple at the bar bought the man a drink. The bar owner testified that as defendant and his friends left, he "heard a crash" and turned to see defendant standing by the door to leave the bar. Defendant, in the words of the bar owner, "had kicked out the panel of the door." When the bar owner asked defendant why he had done so, defendant replied, "I was drunk and stupid." Defendant was later arrested after being found in another downtown bar.

## II. ANALYSIS

Defendant raises two issues on appeal; one, whether there was sufficient evidence to convict Defendant of malicious destruction of a building greater than $1,000.00; and two, whether the trial court erred in figuring restitution. Defendant does not assert that he did not damage the door.

### A. SUFFICIENCY OF THE EVIDENCE

Defendant first raises a challenge to the sufficiency of the evidence. To determine whether the evidence was sufficient to convict a criminal defendant, we consider whether "a

-1-

rational trier of fact could find that the prosecution had proved the crime's elements beyond a reasonable doubt." *People v Lane*, 308 Mich App 38, 57; 862 NW2d 446 (2014). In making this determination, we view "the evidence in a light most favorable to the prosecution." *Id*. "Circumstantial evidence and reasonable inferences arising therefrom may be sufficient to prove the elements of a crime." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999).

To prove that defendant was guilty of malicious destruction of a building, as charged, the prosecution was required to show that defendant "willfully and maliciously" destroyed a building, and that the damage exceeded $1,000, but was less than $20,000. MCL 750.380(1), (3)(a). Defendant argues that the prosecution did not introduce enough evidence to prove beyond a reasonable doubt that he caused at least $1,000 in damage.

Defendant argues that the only proper method of calculating damages is to determine the difference in the fair market value of the door before and after the incident because the door could not be repaired. According to defendant, *People v Hamblin*, 224 Mich App 87; 568 NW2d 339 (1997) (a case involving the malicious destruction of property over $100, MCL 750.377a) controls the outcome of this case. In *Hamblin*, the complainant asserted that the defendant broke a car window by shaking it. 224 Mich App at 89. The issue before the Court was the correct measure of damages for the broken car window. *Id*. at 92-93. The Court concluded that the prosecution "may establish the amount of 'damage resulting from [an] injury' by showing either (a) the difference in the market value of the property immediately before and after the injury, or (b) the reasonable cost of repairing or restoring the property." *Id.* at 96.

Both MCL 750.377a and MCL 750.380 have been amended since *Hamlin* and *LaBelle* were decided. 1998 PA 311. Both statutes now refer to "the amount of the destruction" instead of "the damage resulting." These are simply two different ways to say the same thing, i.e., that the applicable penalty is a function of the financial measure of the damages caused. Thus, the prior cases instruct that the measure of damages can be shown by either (a) the difference in the market value of the property immediately before and after the injury, or (b) the reasonable cost of repairing or restoring the property, in this case the building rather than the door.

If an item is a fixture, it is "not personal property, but rather is part of real property." *People v Fox*, 232 Mich App 541, 553; 591 NW2d 384, 391 (1998). A window, according to the *Fox* Court, "clearly constitutes a fixture and thus is an item of real property, not personal property." Id. at 554. Similarly, a door being used as the point of ingress and egress to a building is a fixture. Here, the damage was done to a door being used as the point of ingress and egress to the Alpha Bar. Therefore, the damage was to real property instead of personal property, however, the *Hamblin* analysis is "equally applicable" to malicious destruction of [real property] cases. *People v LaBelle*, 231 Mich App 37, 38; 585 NW2d 756 (1998).

The bar owner called a glazier the night defendant damaged the door. According to the tradesman, the door was "pretty old," and he could only make it "functional for the customer" with a temporary fix, which involved using "screw applied stops to hold the bottom panel of the door" in place. The tradesman charged the bar owner $225 for the after-hours service call. In the door's current state, the tradesman testified, the premises are not secure because anyone could undo the screws he installed and just "walk right in." He further testified that he told the

bar owner it would be impossible to find parts for the door, so the only way to effectuate a permanent fix was to replace the door at a cost of $1,800. This testimony establishes that the $1,000 threshold has been met.

As for defendant's argument that damages consist solely of the $225 service charge, the measure of damages is "*not* the actual monetary cost to the victim for repairing the resulting damage." *Hamblin*, 224 Mich App at 97 (emphasis in original). "[T]he focus of the statute is on the nature of the damage that defendant's actions caused." *Id*. Further, while the door still opened, closed, and locked, that fact has no bearing on "the nature of the damage that defendant's actions caused." *Id.*

In sum, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that defendant caused more than $1,000 in damage.

## B. RESTITUTION

Second, defendant argues that the prosecution failed to establish the fair market value of the door or show that it was impossible to calculate fair market value. Defendant did not properly preserve this issue, so we review for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). Under the plain error rule, defendants must show that error occurred, the error was plain, i.e., clear or obvious, and the plain error affected a substantial right of the defendant. See *Id.*

A sentencing court must order defendants to pay restitution to criminal victims. MCL 780.766(2). "[B]ecause the restitution statute is silent regarding how to determine the amount of loss that the victim sustained, the amount should be based upon the evidence." *People v Cross*, 281 Mich App 737, 738; 760 NW2d 314 (2008) (internal quotation marks and citation omitted). MCL 780.766(3)(b)(*i*) explains that if return of the property . . . is impossible, impractical, or inadequate, the defendant will pay the fair market value of the property on the date of the damage. "However, if the fair market value of the property cannot be determined or is impractical to ascertain, then the replacement value of the property shall be utilized in lieu of the fair market value." MCL 780.766(3)(b)(ii).

The prosecution introduced evidence that the bar had been owned by the same family for 95 years and that the same door had been in place for as long as the current owner could remember. Additionally, the glazier called to repair the door testified that replacement parts for the door did not exist. These two pieces of evidence establish the impracticability of determining fair market value.

Again, the glazier estimated that it would cost $1,800 to replace the door. He also charged the bar owner $225 for repairing it the night it was damaged by defendant. The award of $2,025 in restitution is supported by a preponderance of the evidence. MCL 780.767(4).

Affirmed.

/s/ Amy Ronayne Krause
/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher