PEOPLE v GUAJARDO

Docket No. 171905. Submitted June 20, 1995, at Grand Rapids. Decided September 1, 1995, at 9:30 A.M.

Antonio M. Guajardo pleaded guilty in the Kent Circuit Court, Michael R. Smolenski, J., of first-degree retail fraud and was sentenced to six to twenty-four months' imprisonment and ordered to pay restitution as a condition of parole. The defendant appealed, alleging that the court erred in determining the amount of restitution using the retail value of the stolen items rather than their replacement cost and that he is entitled to relief from the order of restitution because he is financially unable to pay the restitution.

The Court of Appeals *held:*

1. The determination regarding the amount of the loss sustained by the victim was reasonable and based on the evidence.

2. The determination regarding the amount of loss sustained by the victim and the defendant's ability to pay for the loss are separate questions. Here, the trial court's findings and order are supported by the evidence. The findings were not clearly erroneous and the order of restitution was not an abuse of discretion.

3. The defendant's request for relief is premature. Any request for relief from the order of restitution on the basis that the defendant cannot pay the amount ordered should be made when the defendant is imperiled with further incarceration or punishment because of his financial inability to comply with the order of restitution.

Affirmed.

1. Sentences — Restitution.

A trial court determining the amount of restitution to be paid by a defendant must consider the amount of loss sustained by the victim as a result of the offense, the financial resources and earning ability of the defendant, the financial needs of the defendant and the defendant's dependents, and such other

References
Am Jur 2d, Criminal Law § 572.
See ALR Index under Restitution and Implied Contracts.

factors as the court considers appropriate; the determination regarding the amount of loss sustained by the victim should be based upon the evidence; the determinations regarding the amount of loss sustained by the victim and the defendant's ability to pay for the loss are separate questions (MCL 780.767; MSA 28.1287[767]).

2. Sentences — Restitution — Appeal.

A defendant's request for relief from an order of restitution on the basis of inability to pay should not be made until the defendant is imperiled with further incarceration or punishment because of that inability.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *David M. LaGrand,* Assistant Prosecuting Attorney, for the people.

*Ostrander & Kelly* (by *Mary K. Kelly*), for the defendant on appeal.

Before: McDonald, P.J., and Connor and P. H. Chamberlain,* JJ.

Per Curiam. Defendant pleaded guilty of first-degree retail fraud, MCL 750.356c; MSA 28.588(3), and was sentenced within the guidelines sentencing range to six to twenty-four months' imprisonment and ordered to pay $28,105 in restitution as a condition of parole. On appeal, defendant claims the court erred in determining the amount of restitution using retail value rather than replacement cost. Defendant further claims he is entitled to relief from the order of restitution because he is financially unable to pay the restitution. We affirm.

At the restitution hearing, the jewelry store manager testified several pieces of jewelry were

* Circuit judge, sitting on the Court of Appeals by assignment.

stolen with a total market retail value of $28,105. He further explained he used retail value to determine his losses because he operates his business to make a profit and all of his expenses of operation, including salaries, are dependent on his business making a profit. He further testified his business' performance is based on a profit-and-loss basis and his annual bonus is determined by the profits of the business. He testified he lost $5,000 in personal income because the theft was deducted from his profits for the year, causing him to lose his bonus because he failed to exceed prior years' sales figures. The retail value was uncontroverted by any credible evidence.

The statute governing restitution, MCL 780.767; MSA 28.1287(767), states, in part:

> (1) The court, in determining whether to order restitution under section 16 [MCL 780.766; MSA 28.1287(766)] and the amount of that restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources and earning ability of the defendant, the financial needs of the defendant and the defendant's dependents, and such other factors as the court considers appropriate.

The statute is silent regarding how to determine the amount of the loss sustained by the victim as a result of the offense. We conclude the amount should be based upon the evidence. The evidence herein shows the victim not only lost the replacement value of the stolen items but also expected profits that were to be used to defray operating expenses, wages, and return on investment. Under the facts presented, we find the court's determination of the loss sustained by the victim to be reasonable and based upon the evidence.

The determinations of the amount of loss sus-

tained by the victim and the defendant's ability to pay for the loss are separate questions. A defendant's inability to make restitution in full or in part does not diminish the amount of loss sustained by the victim. However, it may affect the amount of restitution ordered by the court. The statute states in determining whether to order restitution, the court should consider the amount of the loss, the financial resources and earning ability of the defendant, the financial needs of the defendant and any dependents, and any other factors the court considers appropriate.

The record reveals defendant has an eighth-grade education, no job skills, and no physical or mental disabilities. Although there was no evidence presented at the hearing to show whether defendant is married or has any dependents, the presentence investigation report indicates defendant is single with no dependents. The evidence also indicates the defendant agreed to make restitution as part of the plea agreement, and that he expects to be employed as a janitor when released from jail at a wage of $6 to $7 an hour. Defendant does not own any real or personal property other than his clothing.

At the conclusion of the proofs and arguments, the court determined the amount of the victim's loss to be $28,105 and ordered defendant to make restitution in that amount. The court found:

> In terms of his ability to pay, I can always adjust that at a later time, or the parole board can adjust it at a later time. It would be ludicrous to adjust it now to somehow reward him for this amazing heist, and he may not be able to pay it, but, on the other hand, if he were motivated to pay it, he—I could see a person doing it.

We do not find the court's findings clearly erro-

neous or its order of restitution an abuse of discretion. The findings and order are supported by the evidence. Defendant's request for relief from the order of restitution is premature. Any request for such relief should be made when defendant is imperiled with further incarceration or punishment because of his financial inability to comply with the order of restitution.

Affirmed.