PEOPLE v BYARD

Docket No. 249519. Submitted January 5, 2005, at Grand Rapids. Decided January 20, 2005. Approved for publication March 22, 2005, at 9:15 a.m.

Lawrence Byard pleaded no contest in the Cheboygan Circuit Court to operating a motor vehicle while visibly impaired due to consumption of alcohol and causing a serious impairment of a body function. The court, Scott L. Paulich, J., ordered the defendant to pay restitution to the victim and to Allstate Insurance Company. The defendant appealed the restitution order.

The Court of Appeals *held*:

1. Because the victim suffered a serious impairment of a body function, the trial court had discretion to order up to three times the amount of restitution otherwise allowed under the statute, pursuant to MCL 780.766(5). Thus, the trial court did not err in ordering restitution to the victim for pain and suffering. The restitution ordered for Allstate was restitution authorized by MCL 780.766(4)(a) and (c) for medical expenses and lost wages that Allstate paid for the victim.

2. While there may be sufficient evidence to support the amount of restitution ordered for future lost wages under MCL 780.766(4)(c), a review of the record reveals that the basis for the order is unclear and remand is necessary for the trial court to develop the record on this issue further.

3. The trial court did not err by ordering the defendant to pay full restitution, but did err when it ordered the defendant to pay the total amount of medical expenses and lost wages to Allstate, since Allstate was reimbursed by the Michigan Catastrophic Claims Association (MCAA) for its losses exceeding $250,000. Contrary to the defendant's argument, however, the MCAA is also entitled to restitution and the restitution amount ordered should be allocated between Allstate and the MCAA after the defendant satisfies the restitution ordered for the victim, MCL 780.766(8).

Affirmed and remanded for further proceedings.

*Michael A. Cox,* Attorney General, *Thomas L. Casey,* Solicitor General, *Catherine M. Castagne,* Prosecuting Attorney, and *Eric Restuccia,* Assistant Attorney General, for the people.

*Patrick & Kwiatkowski, PLLC* (by *Aaron J. Gauthier*), for the defendant.

Before: SMOLENSKI, P.J., and SAAD and BANDSTRA, JJ.

SAAD, J. Defendant appeals from a restitution order that required him to pay $659,128.09 in restitution to Allstate Insurance Company and $280,000 in restitution to the victim. Defendant agreed to make full restitution as part of a nolo contendere plea to operating a vehicle while visibly impaired due to the consumption of alcohol and causing a serious impairment of a body function.[1] We affirm, but remand for further proceedings as discussed below.

I

We typically review a trial court's order of restitution for an abuse of discretion. *People v Newton,* 257 Mich App 61, 68; 665 NW2d 504 (2003). However, when the determination of restitution involves statutory interpretation, the review is de novo. *Id.*

II

Defendant argues that the trial court should not have ordered defendant to pay the victim $250,000 for pain and suffering under MCL 780.766(5), which states, "If a crime resulting in bodily injury also results in the death of a victim or serious impairment of a body function of

---

[1] MCL 257.625(5).

a victim, the court may order up to 3 times the amount of restitution otherwise allowed under this section." In determining what meaning a statute should be given, "the plain language of the statute [should] be enforced." *People v Gahan,* 456 Mich 264, 270; 571 NW2d 503 (1997).

Because there was no dispute that the victim suffered a serious impairment of a body function, the trial court was authorized to order restitution under this section of the statute. Significantly, the plain language of the statute gives the trial court discretion to order as much as triple the amount of any other restitution allowed, but neither limits nor specifies what the trial court may consider in exercising its discretion to do so.

Defendant asserts that, because the victim did not suffer any out-of-pocket expenses, no restitution was "otherwise allowed under this section." MCL 780.766(5). However, the trial court ordered defendant to pay $659,128.09 to Allstate for medical expenses and lost wages that it paid for the victim. MCL 780.766(4)(a) and (c) allow a court to order restitution for medical expenses and lost wages. MCL 780.766(8) allows a court to order restitution to any individual, government entity, or business or legal entity that compensates the victim for losses arising out of a defendant's criminal conduct. Therefore, the order of restitution to Allstate was "restitution otherwise allowed under this section," and the amount of $659,128.09 could potentially be tripled under MCL 780.766(5). Thus, the trial court did not err when it ordered $250,000 to be paid to the victim under MCL 780.766(5).

III

Defendant maintains that the trial court erred when it ordered $30,000 to be paid to the victim for future lost

wages. MCL 780.766(4)(c) allows a court to order a defendant to "[r]eimburse the victim or the victim's estate for after-tax income loss suffered by the victim as a result of the crime." A restitution amount, if contested, must be proven by a preponderance of the evidence. MCL 780.767(4). Restitution should only compensate for "losses that are (1) easily ascertained and measured and (2) a direct result of the defendant's criminal acts." *People v White*, 212 Mich App 298, 316; 536 NW2d 876 (1995). While we acknowledge that there may be sufficient evidence in support of the amount ordered for future lost wages, our review of the record leads us to conclude that the basis for the trial court's order is unclear. Accordingly, we remand this case to the trial court for further development of the record on this issue.

IV

Defendant asserts that the trial court erred in ordering $659,128.09 in restitution to Allstate, when Allstate was reimbursed by the Michigan Catastrophic Claims Association (MCCA) for its losses exceeding $250,000. Defendant argues he should only have to reimburse Allstate $250,000.

The Legislature intended to include insurance companies and the state as victims who may seek restitution for money paid to a victim for a defendant's criminal act. *People v Orweller*, 197 Mich App 136, 139; 494 NW2d 753 (1992). Contrary to the suggestion in defendant's argument, there is no statutory requirement that a party such as the MCCA file a claim to receive restitution. Rather, because the trial court must order defendant to make full restitution, MCL 780.766(2), the court did not err by ordering defendant to pay $659,128.09 in medical expenses and lost wages.

On appeal, the prosecution states that it has no objection to an order that would require defendant to reimburse the MCCA $409,128.09 directly and to reimburse Allstate $250,000. We agree with defendant that the trial court erred when it ordered him to pay the full amount of the medical expenses and lost wages to Allstate, but we reject defendant's argument that he should only be required to pay $250,000 to Allstate and nothing to the MCCA.[2] Instead, we agree that the amount should be allocated to the MCCA and Allstate in the manner suggested by the prosecution, with the restitution to those entities to be paid only after defendant satisfies the restitution ordered for the victim. See MCL 780.766(8).

Affirmed, but remanded for further proceedings consistent with our opinion. We do not retain jurisdiction.

---

[2] We note that defendant does not dispute that $659,128.09 represents the reasonable medical expenses and lost wages incurred by the victim.