PEOPLE v LLOYD

Docket No. 310355. Submitted May 8, 2013, at Lansing. Decided May 14,
2013, at 9:00 a.m.

Rebekah M. Lloyd was charged in the Bay Circuit Court with assault
with intent to do great bodily harm less than murder, MCL 750.84,
and assault with a dangerous weapon, MCL 750.82. Defendant had
assaulted the victim by striking her in the eye with a high-heeled
shoe. The victim lost her eye and subsequently wore a prosthetic.
The jury found defendant guilty of the lesser included offense of
misdemeanor assault, MCL 750.81, on both counts, and because
there was only a single assault, the court, Joseph K. Sheeran, J.,
vacated one of the convictions and sentenced defendant to 93 days
in jail. In addition, the court ordered defendant to pay $126,561.63
in restitution to the victim, an amount the court determined under
MCL 780.826(5) by tripling the amount of actual restitution.
Defendant appealed, arguing that the court abused its discretion
by tripling the restitution award.

The Court of Appeals *held*:

MCL 780.826(5), which governs restitution for misdemeanors,
provides that if a crime resulting in bodily injury also results in the
death of a victim or a serious impairment of a body function of a
victim, the trial court may order up to three times the amount of
restitution otherwise allowed under the provision. Under MCL
780.826(5)(c), serious impairment of a body function includes the
loss of an eye. At sentencing, the victim testified that the assault
had left her emotionally, physically, and financially devastated.
Because there was no dispute that the victim suffered a serious
impairment of a body function, the trial court was authorized to
order restitution. The statute gives a court discretion to order as
much as triple the amount of any other restitution allowed, but
neither limits nor specifies what the court may consider in
exercising the discretion to do so.

Affirmed.

SENTENCES — RESTITUTION — TRIPLE RESTITUTION.

MCL 780.826(5), which governs restitution for misdemeanors,
provides that if a crime resulting in bodily injury also results in

the death of a victim or a serious impairment of a body function of a victim, the trial court may order up to three times the amount of restitution otherwise allowed under that provision; the statute gives a trial court discretion to order as much as triple the amount of any other restitution allowed, but neither limits nor specifies what the court may consider in exercising the discretion to do so.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Kurt C. Asbury*, Prosecuting Attorney, and *Sylvia L. Linton*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Valerie R. Newman*) for defendant.

Before: FORT HOOD, P.J., and FITZGERALD and O'CONNELL, JJ.

PER CURIAM. Defendant appeals as of right a probation order entered following conviction by a jury of misdemeanor assault, MCL 750.81. Defendant received a sentence of 93 days in jail and was ordered to pay $126,561.63 in restitution to the victim. Defendant now argues that the trial court abused its discretion by tripling the restitution award pursuant to MCL 780.826(5) of the Crime Victim's Rights Act, MCL 780.751 *et seq.*[1] We affirm.

Defendant assaulted the victim by striking her in the eye with a high-heeled shoe. The victim lost her eye and now wears a prosthetic. The prosecution

---

[1] The parties have referred throughout the proceedings to restitution ordered pursuant to MCL 780.766. That section, however, involves restitution by defendants convicted of felonies. Because the jury convicted defendant of a misdemeanor, we assume that the trial court ordered restitution pursuant to MCL 780.826, which is in the article of the Crime Victim's Rights Act that covers various misdemeanor offenses.

charged defendant with assault with intent to do great bodily harm less than murder, MCL 750.84, and assault with a dangerous weapon, MCL 750.82. The jury found defendant guilty of the lesser included offense of misdemeanor assault on both counts. Because there was only a single assault, the trial court vacated one of the convictions.

At sentencing, the victim testified that the assault has left her emotionally, physically, and financially devastated. The prosecution requested $42,187.21 in actual restitution pursuant to MCL 780.826(2) and asked the court to triple the award pursuant to MCL 780.826(5). The trial court agreed and ordered restitution in the amount of $126,561.63. We review for an abuse of discretion a trial court's order of restitution. *People v Byard*, 265 Mich App 510, 511; 696 NW2d 783 (2005).

Defendant argues that the trial court should not have ordered three times the amount of restitution under MCL 780.826(5), which states, "If a crime resulting in bodily injury also results in the death of a victim or serious impairment of a body function of a victim, the court may order up to 3 times the amount of restitution otherwise allowed under this section."[2] As used in that subsection, "serious impairment of a body function of a victim" includes the loss of an eye. MCL 780.826(5)(c).

Because there is no dispute that the victim suffered a serious impairment of a body function, the trial court was authorized to order restitution under this section of the statute. Significantly, the plain language of the statute gives the trial court discretion to order as much as triple the amount of any other restitution allowed, but neither limits nor specifies what the trial court may consider in

---

[2] The language of MCL 780.766(5) is identical.

exercising the discretion to do so. *Byard*, 265 Mich App at 511-512.

Affirmed.

FORT HOOD, P.J., and FITZGERALD and O'CONNELL, JJ., concurred.