*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TYIRRAINCE LAVELL DANIELS,

Defendant-Appellant.

UNPUBLISHED
February 27, 2020

No. 343919
Saginaw Circuit Court
LC No. 17-044361-FC

Before: BORRELLO, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of second-degree murder, MCL 750.317; intentionally discharging a weapon from a vehicle, causing death, MCL 750.234a(1)(d); being a felon in possession of a firearm (felon-in-possession), MCL 750.224f(5); carrying a concealed weapon (CCW), MCL 750.227; and three counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.[1] The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 60 to 90 years of imprisonment for the conviction of second-degree murder, 50 to 80 years of imprisonment for the conviction of intentionally discharging a weapon within a vehicle, 6 to 15 years of imprisonment for the felon-in-possession and CCW convictions, and two consecutive years of imprisonment for the three convictions of felony-firearm. Defendant appeals as of right. We affirm.

## I. FACTS

This case arises from a fatal shooting. The victim was shot in the head through his vehicle's windshield while his car was disabled from a flat tire. Defendant's girlfriend, who was also the mother of the victim's child, was a passenger in defendant's truck. She testified that she saw the victim driving toward them and defendant stated, "I'm tired of him playing with me," and then

---

[1] The jury acquitted defendant of a charge of extortion, MCL 750.213, and its accompanying felony-firearm charge, MCL 750.227b.

defendant fired three shots into the victim's vehicle. She further testified that defendant then waved the gun at her and told her that he would kill her if she told anybody what had happened.

At trial, defendant testified that in the year leading up to the shooting the victim had threatened to kill him, and when he saw that the victim was the driver of the disabled vehicle, he believed that the victim was trying to run him off the road. Defendant testified that he feared that his life and his girlfriend's life were in danger, and that he reached his arm out of the window and shot at the victim three times.

## II. ANALYSIS

### A. INEFFECTIVE ASSISTANCE

Defendant first argues that he was denied the effective assistance of counsel when defense counsel did not request an instruction on voluntary manslaughter. We disagree.

Defendant did not move for a new trial or an evidentiary hearing in the trial court; therefore, this issue is unpreserved. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). The trial court's findings of fact are reviewed for clear error, and questions of constitutional law are reviewed de novo. *Id*. "When there has been no evidentiary hearing and no findings of fact by the trial court, this Court reviews de novo the entire record to determine whether the defendant's trial counsel's representation constituted the ineffective assistance of counsel." *People v Rose*, 289 Mich App 499, 524; 808 NW2d 301 (2010). Review is limited to mistakes apparent from the trial court record when the defendant fails to preserve his or her ineffective assistance of counsel claim. *Payne*, 285 Mich App at 188.

A defendant has the right to the effective assistance of counsel in a criminal case. *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "Defense counsel should be strongly presumed to have rendered adequate assistance . . . ." *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012) (quotation marks and citation omitted). In order to succeed on a claim of ineffective assistance of counsel, the defendant bears the burden of showing that trial counsel's performance fell below an objective standard of reasonableness, and that the deficient performance resulted in prejudice. *Strickland*, 466 US at 688, 692.

Whether counsel's assistance fell below the standard of objective reasonableness requires an inquiry into whether the conduct was "outside the wide range of professionally competent assistance." *Id*. at 690. Defense counsel has wide discretion regarding matters of trial strategy and "[t]his Court will not substitute its judgment for that of defense counsel or review decisions with the benefit of hindsight." *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012). Decisions regarding whether to request jury instructions may involve matters of trial strategy. *People v Gonzalez*, 468 Mich 636, 645; 664 NW2d 159 (2003). "Prejudice means a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018) (quotation marks and citation omitted).

"Manslaughter is a necessarily included lesser offense of murder." *People v Gillis*, 474 Mich 105, 137; 712 NW2d 419 (2006). When a defendant is charged with murder, an instruction for voluntary manslaughter must be given if supported by a rational view of the evidence. *People v Mendoza*, 468 Mich 527, 541; 664 NW2d 685 (2003). Manslaughter is defined as an unlawful killing without malice. *Id*. at 533. "Voluntary manslaughter requires a showing that (1) defendant killed in the heat of passion, (2) this passion was caused by an adequate provocation, and (3) there was no lapse of time during which a reasonable person could have controlled his passions." *People v Roper*, 286 Mich App 77, 87; 777 NW2d 483 (2009). "Adequate provocation is that which would cause the reasonable person to lose control." *People v Pennington*, 323 Mich App 452, 465; 917 NW2d 720 (2018) (quotation marks and citation omitted). "[P]rovocation is the circumstance that negates the presence of malice." *Mendoza*, 468 Mich at 536.

Defense counsel acted with reasonable trial strategy by not requesting the voluntary manslaughter instruction. Defendant's own testimony reflected that he did not act out of passion or loss of control, but out of fear for his safety. During closing argument, defense counsel vigorously argued that defendant acted out of an objectively reasonable fear for his life. In light of defendant's self-defense testimony and defense counsel's closing argument, it is clear that counsel did not intend to introduce other mitigating factors. Defense counsel may have believed that requesting an instruction on manslaughter would have undermined defendant's self-defense theory and confused the jury. It is well established that "[t]his Court will not substitute its judgment for that of defense counsel . . . ." *Heft*, 299 Mich App at 83. Therefore, defense counsel's failure to request the manslaughter instruction was not objectively unreasonable given the existence of a legitimate strategy.

Moreover, defendant cannot show that he suffered any prejudice as a result of defense counsel's decision. In order to establish prejudice, the defendant must prove that the unprofessional error was outcome-determinative. *Randolph*, 502 Mich at 9. Because the jury determined that defendant acted with malice rather than in self-defense, it is unlikely that the jury would have concluded that defendant acted out of passion rather than malice if it had received the manslaughter instruction.

B. PSIR CORRECTION

Defendant argues that the trial court erred by allowing certain statements to remain within the presentencing investigation report (PSIR) that directly addressed defendant's acquitted conduct, and that he is entitled to correction of the PSIR to remove this information. We disagree.

"This Court reviews a trial court's response to a defendant's challenge to the accuracy of a PSIR for an abuse of discretion." *People v Maben*, 313 Mich App 545, 552; 884 NW2d 314 (2015) (quotation marks and citation omitted). "A trial court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted). This Court reviews the trial court's factual findings for clear error. *People v Wellman*, 320 Mich App 603, 605; 910 NW2d 304 (2017).

When calculating the sentencing guidelines range, a trial court may consider all record evidence. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). The trial court must allow a defendant the opportunity to rebut any inaccurate information during the sentencing

proceeding. *People v Waclawski*, 286 Mich App 634, 690; 780 NW2d 321 (2009). "If the court finds that challenged information is inaccurate or irrelevant, that finding must be made part of the record and the information must be corrected or stricken from the report." *Id*.

Defendant's PSIR contained a statement in the agent's description of the offense that implicated conduct giving rise to the charge of extortion, of which defendant was acquitted. Specifically, the PSIR stated that "[defendant's girlfriend] and [defendant] argued and he pointed the butt of the pistol at her head and told her if she told anyone he would kill her." The trial court denied defendant's request at sentencing that the statement be stricken from the PSIR. The statement was relevant because it concerned the res gestae of the shooting as described by defendant's girlfriend who was an eyewitness to the events. Even assuming that the retention of the statement constituted error, the error was harmless, because there is no indication in the record that the trial court relied on the acquitted conduct when sentencing defendant. *People v Beck*, ___ Mich ___, ___; ___ NW2d ___ (2019) (Docket No. 152934); slip op at 18-19 (a trial court may not rely on acquitted conduct to enhance a defendant's sentence).

## C. MCL 769.13(2)

Defendant next argues that he is entitled to have his fourth-offense habitual-offender sentence enhancement vacated and to be resentenced accordingly because the prosecutor failed to adhere to the requirements of MCL 769.13(2). We disagree.

MCL 769.13, which delineates the process for seeking a sentence enhancement, states:

A notice of intent to seek an enhanced sentence filed under subsection (1) shall list the prior conviction or convictions that will or may be relied upon for purposes of sentence enhancement. The notice shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1). The notice may be personally served upon the defendant or his or her attorney at the arraignment on the information charging the underlying offense, or may be served in the manner provided by law or court rule for service of written pleadings. The prosecuting attorney shall file a written proof of service with the clerk of the court. [MCL 769.13(2).]

Defendant's argument lacks a factual predicate. The prosecution complied with the requirements of MCL 769.13(2) by providing habitual-offender notice in the Felony Information and by listing each offense that pertained to sentence enhancement. The prosecutor filed a written proof of service with the clerk of the court stating that defense counsel had been served with two copies of the Felony Information. Thus, defendant's argument is without merit.

## D. SENTENCE MODIFICATION

Defendant argues that the trial court abused its discretion by amending a valid sentence. We disagree.

The trial court erroneously sentenced defendant to a minimum of 920 months to 9 years of imprisonment for the conviction of second-degree murder. Two days later, the trial court held a

-4-

resentencing hearing in order to correct the mistake in the record.  The trial court stated that it intended to correct the sentence for the second-degree murder conviction to 720 months to 90 years of imprisonment.  The trial court inquired as to whether counsel had any objections and neither the prosecutor nor defense counsel objected.  The next day, trial court entered the judgment of sentence with the corrected sentence.

MCR 6.435(B) addresses the trial court's authority to cure substantive mistakes in the record, and provides that "[a]fter giving the parties an opportunity to be heard, and provided it has not yet entered judgment in the case, the court may reconsider and modify, correct, or rescind any order it concludes was erroneous."  A trial court lacks the authority to correct sua sponte an invalid sentence after an entry of the judgment of sentence.  *People v Comer*, 500 Mich 278, 297; 901 NW2d 553 (2017).  MCR 6.435(B) "permits a trial court to act on its own initiative to correct substantive mistakes in a sentence, but only until judgment is entered . . . ."  *Id*. at 296.

In this case, the trial court did not abuse its discretion by correcting a substantive mistake within the record before it entered the judgment of sentence.  The trial court maintained the authority to correct substantive mistakes in the sentence so long as the parties had an opportunity to be heard and the judgment of sentence had not been entered.  *Id.* at 293; MCR 6.435(B).  The trial court provided the parties an opportunity to be heard and amended defendant's sentence before the entry of the judgment.  Accordingly, defendant's argument is without merit.

E. DEFENDANT'S SUPPLEMENTAL BRIEFS

Defendant filed two supplemental briefs on appeal in which he raised a number of arguments.  We consider each issue seriatim and find them to be without merit.

1. CLERICAL ERROR

First, defendant argues that the judgment of sentence contained a clerical error that required remand to the trial court for correction.  Specifically, defendant contends that the trial court erred by failing to check a box on the judgment of sentence form to indicate that a number of his sentences were consecutive rather than concurrent.  We disagree.

"Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it."  MCR 6.435(A).

During sentencing, the trial court stated that it intended to impose concurrent sentences for defendant's convictions of second-degree murder, MCL 750.317, intentionally discharging a weapon from a vehicle, causing death, MCL 750.234a(1)(d), felon-in-possession, MCL 750.224f(5), and CCW, MCL 750.227.  The trial court further indicated that defendant's sentence for three counts of felony-firearm, MCL 750.227b, would be imposed consecutive to the sentences for the respective underlying felonies.  The trial court repeated its intention during defendant's resentencing hearing.  On the judgment of sentence form, the trial court omitted checking the box next to item #9, which reads as follows:

☐9. Sentences to be served consecutively to   (If this item is not checked, the sentence is concurrent.)
☐ each other   ☐ case numbers _____.

However, next to item #8 where the trial court listed defendant's sentences for the first three counts, under the column titled "OTHER INFORMATION," the trial court indicated that the concurrent/consecutive status was detailed on an attached sheet which states:

COUNT 1 [second-degree murder, MCL 750.317]: Concurrent with all Counts EXCEPT Count 2

COUNT 2 [felony-firearm, MCL 750.227b]: Preceding and Consecutive to Count 1, Concurrent with all other Counts

COUNT 3 [weapon discharge, MCL 750.234a(1)(d)]: Concurrent with all Counts EXCEPT Count 4

COUNT 4 [felony-firearm, MCL 750.227b]: Preceding and Consecutive to Count 3, Concurrent with all other Counts

COUNT 5 [felon-in-possession, MCL 750.224f(5)]: Concurrent with all Counts EXCEPT Count 6

COUNT 6 [felony-firearm, MCL 750.227b]: Preceding and Consecutive to Count 5, Concurrent with all other Counts

COUNT 9 [CCW, MCL 750.227]: Concurrent with all Counts

The trial court's written order clearly states that defendant's felony-firearm sentences run consecutive to the sentences for their respective underlying felonies, and there is no inconsistency between the trial court's written order and what was expressed verbally during the sentencing hearing and resentencing hearing. *People v Mysliwiec*, 315 Mich App 414, 418 n 2; 890 NW2d 691 (2016) (a trial court speaks through its written judgments and orders). The trial court's failure to check the box next to item #9 did not render inoperative or invalid its pronouncement in the attachment to the judgment of sentence. Given the clarity of the trial court's instructions, we cannot conclude that the trial court's failure to check the box next to item #9 created any ambiguity.

The judgment of sentence further indicates that all of defendant's sentences began on 4/24/18 or 4/26/18. Defendant argues that this renders his sentences concurrent. However, assuming this was a clerical mistake, defendant's earliest release date and maximum discharge date comport with the consecutive/concurrent schedule contained in the attachment. Thus, we cannot conclude that remand is required.

2. JURY INSTRUCTION

Defendant further argues that the trial court plainly erred by providing the jury with a preliminary jury instruction on self-defense. Defendant contends that his trial strategy was to wait until the conclusion of the prosecution's case-in-chief before selecting a defense theory. He argues that the trial court's sua sponte decision to instruct the jury on self-defense forced him to abandon

his initial strategy and present evidence of self-defense, to the exclusion of other defenses. Absent this error, defendant states, he would have presented a defense consistent with his statement to law enforcement, that he was not involved in the shooting.

Defendant waived his argument on appeal by expressing satisfaction with the jury instructions during trial. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (when a defendant expresses satisfaction with the jury instructions, any error is waived and he may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error). The trial court issued preliminary jury instructions that included a self-defense instruction, and defense counsel did not object to the instructions as given. Moreover, when the trial court asked if counsel had anything else to add before concluding, defense counsel responded, "No, Your Honor." Defendant's failure to raise any objection to the instructions demonstrates satisfaction with the instructions as given, and the express approval by defense counsel of the trial court's instruction extinguished any error.[2]

Additionally, under plain error review, reversal is only appropriate when the plain error that affected substantial rights "seriously affected the fairness, integrity, or public reputation of the proceedings" or when the defendant shows "actual innocence." *People v Pipes*, 475 Mich 267, 283; 715 NW2d 290 (2006). Defendant cites no legal authority to support his argument that the trial court's preliminary instructions bound him to a single theory of defense consistent with those instructions. We reject defendant's assertion that the preliminary instructions compelled him to testify on his own behalf at trial, let alone compelled him to testify to in a manner that undermined the fairness and integrity of the proceedings. Defendant testified that he shot the victim out of fear for his life and the safety of his girlfriend. His testimony was inconsistent with his prior statements to police, but we cannot see how the trial court's preliminary instructions caused defendant's testimony to be impeached. Moreover, considering defendant's trial testimony, we cannot conclude that he has shown "actual innocence" requiring reversal of his convictions. *Id.*

---

[2] At oral arguments, defendant's attorney argued that the alleged error and prejudice occurred when the trial court issued the preliminary jury instruction, before trial counsel had an opportunity to approve or object to the instructions. This implies that trial counsel's subsequent approval of the jury instructions was of no consequence. We have held otherwise. See, e.g., *People v Chapo*, 283 Mich App 360, 372-373; 770 NW2d 68 (2009) (holding that waiver applied where defense counsel expressed satisfaction with the jury instructions after they were given); *People v Lueth*, 253 Mich App 670, 689; 660 NW2d 322 (2002) (holding that waiver applied where defense counsel expressly approved of the jury instructions after the jury had retired to deliberate). Defendant does not argue that trial counsel was ineffective in this regard. However, given defendant's subsequent assertion of a self-defense theory, we note that trial counsel's failure to object and express approval of the preliminary jury instructions is "a quintessential example of trial strategy" which we will not second-guess with the benefit of hindsight. *People v Reed*, 449 Mich 375, 400; 535 NW2d 496 (1995); *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004).

## 3. JUDICIAL IMPARTIALITY

Defendant next argues that the trial judge pierced the veil of judicial impartiality by referring to the victim as a "victim" during voir dire. We disagree.

A criminal defendant is entitled to a trial before a neutral trial judge, and a defendant claiming judicial bias must overcome a heavy presumption of judicial impartiality. *People v Jackson*, 292 Mich App 583, 597-598; 808 NW2d 541 (2011). Judicial rulings and opinions formed during the trial process are not themselves valid grounds for alleging bias unless there is a deep-seated favoritism or antagonism such that the exercise of fair judgment is impossible. *Id*. at 598. A trial judge engages in misconduct when the judge pierces the veil of judicial impartiality "and violates the constitutional guarantee of a fair trial when, considering the totality of the circumstances, it is reasonably likely that the judge's conduct improperly influenced the jury by creating the appearance of advocacy or partiality against a party." *People v Stevens*, 498 Mich 162, 171; 869 NW2d 233 (2015). This analysis is fact-specific and the inquiry is "whether the judge's conduct was sufficiently severe and clear so as to create the appearance of bias against the aggrieved party." *Id*. at 171 n 3. We evaluate the totality of the circumstances and consider the following factors:

> [T]he nature of the judicial conduct, the tone and demeanor of the trial judge, the scope of the judicial conduct in the context of the length and complexity of the trial and issues therein, the extent to which the judge's conduct was directed at one side more than the other, and the presence of any curative instructions. [*Id*. at 172.]

During jury selection, a juror informed the court that he knew "the victim." The juror specifically referred to the victim as "the victim." The trial court asked the juror, "Does the fact that you know the victim make you think you could not be fair and impartial to both sides, here?" Defendant argues that this reference was improper because a victim is only afforded legal status after a defendant has been convicted. See *People v Stanaway*, 446 Mich 643, 678 n 37; 521 NW2d 557 (1994). However, it was an isolated comment, made before the jury was sworn, and not within the context of presenting evidence to determine defendant's guilt or innocence. The comment was made for the purpose of determining whether the juror could be impartial despite having known the victim, to whom the juror referred as "the victim." Given the totality of the circumstances surrounding the comment, defendant has failed to overcome the heavy presumption of judicial impartiality.

## 4. PROSECUTORIAL MISCONDUCT

Defendant next argues that the prosecution committed misconduct that prejudiced defendant by failing to provide notice of all res gestae witnesses. We disagree.

A res gestae witness is a person who witnesses "some event in the continuum of a criminal transaction" and whose testimony would assist in "developing a full disclosure of the facts at trial." *People v Long*, 246 Mich App 582, 585; 633 NW2d 843 (2001). The prosecutor must attach to the information a list of all known witnesses, including res gestae witnesses, and has a continuing duty to disclose the names of any further res gestae witnesses as they become known. MCL 767.40a(1); MCL 767.40a(2). "The purpose of the 'listing' requirement is merely to notify the

defendant of the witness' existence and res gestae status." *People v Calhoun,* 178 Mich App 517, 523; 444 NW2d 232 (1989). "Therefore, if the defendant knew of the res gestae witness in any event, the prosecutor's failure to list the witness would be harmless error." *Id.*

Although the prosecution failed to list the witnesses pursuant to MCL 767.40a(1) and (2), this error was harmless because defendant had knowledge of the witnesses through preliminary examination testimony, and therefore, any error was harmless. *Calhoun,* 178 Mich App 523.

## 5. INEFFECTIVE ASSISTANCE

Defendant next argues that defense counsel provided ineffective assistance by failing to interview all witnesses. We disagree.

As we have already stated, in order to succeed on a claim of ineffective assistance of counsel, defendant must show that trial counsel's performance fell below an objective standard of reasonableness, and that the deficient performance resulted in prejudice. *Strickland*, 466 US at 688, 692.

Defendant failed to present record evidence that defense counsel failed to interview witnesses. Therefore, defendant cannot establish that defense counsel acted outside the objective standard of reasonableness. Defendant has attempted to expand the lower court record by providing an itemized account statement for services rendered by defense counsel. According to defendant, the itemized account does not include time expended on interviews, which suggests that no interviews had occurred. However, because this is not evidence contained within the record, this Court need not consider it. *People v Morrison*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 344531); slip op at 4. Without evidence that any failure to interview witnesses occurred, defendant's argument lacks a factual predicate.

Although our Supreme Court has concluded that a failure to interview key witnesses falls below the objective standard of reasonableness, *People v Trakhtenberg*, 493 Mich 38, 53-54; 826 NW2d 136 (2012), prejudice must be established to succeed on an ineffective assistance of counsel claim, *Strickland*, 466 US at 692. Defendant has not demonstrated how defense counsel's alleged failure to interview witnesses resulted in prejudice during trial nor how he would have substantially benefited from the consulting of witnesses, and his claim fails. *Randolph*, 502 Mich at 9 (prejudice means a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability is one sufficient to undermine confidence in the outcome).

Defendant contends that prejudice can be presumed, and argues that an evidentiary hearing is necessary to further develop this issue. However, we see no basis to conclude that a presumption of prejudice is appropriate in this case, because there is no indication that defendant was completely denied counsel at a critical stage in the proceedings. See *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007), citing *US v Cronic*, 466 US 648; 104 S Ct 2039; 80 LEd2d 657 (1984). Accordingly, in light of defendant's inability to demonstrate prejudice, further factual development is unnecessary and an evidentiary hearing is not required.

## 6. RESTITUTION

Defendant next argues that the trial court erred by imposing restitution based solely on the prosecution's proffered amount, and that remand for a hearing on restitution is required. We disagree.

The William Van Regenmorter Crime Victim's Rights Act (CVRA), MCL 780.751 *et seq.*, mandates that a sentencing court order convicted defendants to make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction. *People v Corbin*, 312 Mich App 352, 359; 880 NW2d 2 (2015). Restitution should only compensate for losses that are easily ascertained and measured and a direct result of the defendant's criminal acts. *People v Byard*, 265 Mich App 510, 513; 696 NW2d 783 (2005). The restitution amount should be based upon the evidence. *People v Guajardo*, 213 Mich App 198, 200; 539 NW2d 570 (1995). "A judge is entitled to rely on the information in the presentence report, which is presumed to be accurate unless the defendant effectively challenges the accuracy of the factual information." *People v Grant*, 455 Mich 221, 233-234; 565 NW2d 389.

The trial court did not err by ordering defendant to pay $5,434.50 in restitution. According to the prosecution, the amount of the funeral expenses totaled $5,434.50—the same amount listed in the PSIR. Defendant did not challenge the accuracy of the amount estimated in the PSIR. The amount is therefore presumed to be accurate, and the trial court was entitled to rely on it. *Grant*, 455 Mich at 233-234. Accordingly, remand for a hearing on the matter is not required.

## III. CONCLUSION

Defendant has failed to show that he is entitled to relief. Therefore, we affirm.

/s/ Stephen L. Borrello
/s/ Patrick M. Meter
/s/ Michael J. Riordan

-10-