*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

CHARLES DOMINICK LIEB,

      Defendant-Appellant.

UNPUBLISHED
May 18, 2023

No. 358798
Macomb Circuit Court
LC No. 2020-000777-FH

Before: RICK, P.J., and SHAPIRO and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of one count of receiving and concealing stolen property, MCL 750.535(3)(a) (valued at $1,000 or more but less than $20,000). Defendant was sentenced to 90 days in jail and 36 months' probation, and ordered to pay various restitution and other costs. We affirm in part, vacate in part, and remand.

## I. BACKGROUND

In June 2018, Daniel Hagemeister, a project manager for Express Electric, was overseeing electrical work during construction at Regency Center Drive in Macomb Township. Before departing the job site at about 5:00 p.m., Hagemeister noted that all machinery and tools were accounted for and present. While on vacation two days later, Hagemeister received a call from an employee, reporting multiple tools, equipment, and materials were missing from the job site, including hand pipe benders, wire spools, a wire cart, and a Greenlee 555 electrical pipe bender (Greenlee 555). When Hagemeister returned home, he confirmed the tools were missing and reported the missing equipment to the Macomb County Sheriff's Office. About two days after Hagemeister made the report, he found the Greenlee 555 in a Craigslist advertisement. Hagemeister immediately contacted the phone number associated with the advertisement. Defendant answered Hagemeister's call, and a meeting was scheduled at defendant's home for Hagemeister to inspect the Greenlee 555.

When Hagemeister arrived at defendant's house, he discovered numerous tools that were missing from the job site, including his hand pipe benders, wire spools, wire cart, and the Greenlee 555. Hagemeister informed defendant the equipment was stolen from his job site, but defendant

denied that the equipment was stolen, claiming it had been in his family for years. When Hagemeister asserted that the Greenlee 555 belonged to him, defendant changed his story and claimed that the equipment came from an unnamed friend. Hagemeister indicated that he would contact the police, but defendant told him not to, and offered to sell the Greenlee 555 and other equipment at a reduced price of $2,000 cash. Hagemeister agreed to purchase the equipment, but had to leave defendant's home to acquire the cash.

As he left defendant's home, Hagemeister contacted the police and informed them that he found the missing equipment. The police told Hagemeister that, to ensure the equipment would not be sold, he should purchase the property from defendant. Hagemeister returned the next day with $2,000 in cash, paid defendant, and informed the police that he had retrieved his equipment. On November 4, 2019, a felony warrant and complaint were issued against defendant for one count of receiving and concealing stolen property, MCL 750.535(3)(a). After the March 5, 2020 preliminary examination, defendant was bound over for trial on the charge.

During trial, Hagemeister stated that he originally purchased the Greenlee 555 for about $6,000 on eBay in used condition, so it had unique characteristics, including: (1) a handle bent inward; (2) a reversed trigger mechanism; (3) yellow spray foam remnants from a spill at the Regency Center Drive jobsite; and, (4) a nameplate containing the machine's serial and model number. When Hagemeister arrived at defendant's home, he found his missing hand benders, wire cart—which also had unique characteristics, including a rebar handle—and the Greenlee 555. Hagemeister engaged the Greenlee 555's trigger mechanism and found it was reversed, found the nameplate had been removed, and remnants of spray foam still coating the bottom despite what appeared to be an attempt to clean it off. Hagemeister also noted the Craigslist advertisement listing the Greenlee 555 was posted only a few hours after he had last left Regency Center Drive in June 2018.

After the conclusion of the testimony of the prosecution's witnesses, defendant moved for a directed verdict, claiming that there was not enough evidence to prove defendant knew the Greenlee 555 was stolen when he received it or possessed the equipment. The prosecution argued that there was sufficient evidence proving defendant knew or should have known the Greenlee 555 was stolen, including: (1) the pried off nameplate; (2) defendant's multiple stories about how he obtained the equipment; (3) spray foam remnants on the Greenlee 555 despite an attempt to wash off the foam; (4) defendant's instruction to Hagemeister to not involve the police and immediate reduction in the Greenlee 555's asking price; (5) defendant's insistence on a cash-only transaction; and, (6) the Craigslist advertisement posted hours after Hagemeister left Regency Center Drive. Finding that there was strong evidence of defendant's guilt and knowledge, the trial court denied defendant's motion for a directed verdict. The jury unanimously found defendant guilty of receiving and concealing stolen property under MCL 750.535(3)(a).

A presentence investigation report (PSIR) was prepared for defendant's sentencing. The PSIR stated the total value of the stolen equipment was $8,350, and recommended defendant be ordered to pay $6,000 in restitution to Hagemeister, including: (1) $1,500 in lost wages because of court appearances; (2) $2,500 for purchasing back his equipment from defendant; and (3) $2,000 worth of stolen equipment never recovered. Defense counsel objected, claiming that Hagemeister stated he paid only $2,000 for the equipment. The trial court overruled defense counsel's objection, sentenced defendant to 90 days in jail and three years' probation, and ordered defendant

to pay: (1) $6,000 in restitution to Hagemeister; (2) $68 state minimum fee; (3) $130 crime victim fee; (4) $1,080 in court costs; (5) $60 DNA fee; (6) $1,080 oversight fee; and, (7) $1,950 for additional defense costs. This appeal followed.

While defendant's appeal was pending before this court, defendant moved to correct an invalid sentence, arguing that the trial court's order of $1,080 in court costs must be vacated because MCL 769.1k(1)(b)(*iii*) is unconstitutional. Specifically, defendant alleged that MCL 769.1k(1)(b)(*iii*) is unconstitutional because (1) it creates pressure on trial court judges to convict criminal defendants to ensure the courts are adequately funded, which in turn violated defendant's due-process right to a neutral arbiter and (2) it violates the separation-of-powers doctrine because the Legislature's enactment of MCL 769.1k(1)(b)(*iii*) prevents the judiciary from maintaining neutrality in criminal proceedings and promoting public confidence in the impartiality of the judiciary. The trial court denied defendant's motion.

## II. INSUFFICIENT EVIDENCE

Defendant argues his conviction must be vacated because the prosecution failed to meet its evidentiary burden to prove that defendant knew the Greenlee 555 was stolen at the time he received it. We disagree.

## A. STANDARD OF REVIEW

We review challenges to the sufficiency of the evidence de novo. *People v Lockett*, 295 Mich App 165, 180; 814 NW2d 295 (2012). "Evidence is sufficient to convict a defendant when a rational factfinder could determine that the prosecutor proved every element of the crime charged beyond a reasonable doubt." *People v Pratt*, 254 Mich App 425, 427; 656 NW2d 866 (2002). Under this standard, we "examine the evidence in a light most favorable to the prosecution [and] resolv[e] all evidentiary conflicts in [the prosecution's] favor . . . ." *People v Ericksen*, 288 Mich App 192, 196; 793 NW2d 120 (2010). We also must "draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). This standard applies to both direct and circumstantial evidence. *Id.* "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight of those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). Finally, questions of constitutional law are reviewed de novo. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).

## B. ANALYSIS

"Due process requires that, to sustain a conviction, the evidence must show guilt beyond a reasonable doubt." *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). For a defendant to be convicted of receiving and concealing stolen property, the prosecution must prove

> (1) the property was stolen; (2) the value of the property met the statutory requirement; (3) defendant received, possessed, or concealed the property with knowledge that the property was stolen; (4) the identity of the property as being that previously stolen; and (5) the guilty actual or constructive knowledge of the

defendant that the property received or concealed was stolen. [*Pratt*, 254 Mich App at 427.]

On appeal, defendant only challenges whether the prosecution presented sufficient evidence to prove defendant knew the Greenlee 555 was stolen at the time he received the equipment. "It is well settled that the fifth element, guilty knowledge, must be found to have existed at the time defendant received the stolen property." *People v Salata*, 79 Mich App 415, 421; 262 NW2d 844 (1977).[1] "Guilty knowledge may be actual or constructive. Mere possession alone is not sufficient in and of itself to show guilty knowledge." *People v Lauzon*, 84 Mich App 201, 207; 269 NW2d 524 (1978) (citation omitted). "Guilty knowledge may be inferred from all the facts and circumstances brought out at trial[.]" *People v Laslo*, 78 Mich App 257, 263; 259 NW2d 448 (1977). Factors that have supported the inference of guilty knowledge include (1) the defendant's possession of the property shortly after its theft; (2) changes in the condition of the property; (3) alteration of the property's identifying features such as serial numbers; (4) a purchase price inconsistent with the value of the property; and (5) the lack of a reasonable explanation by the defendant regarding his possession of the property. *Salata*, 79 Mich App at 421-422.

The prosecution presented the following relevant evidence to establish defendant's guilty knowledge: (1) Hagemeister left the Regency Center Drive job site at about 5 p.m., on the same day defendant's Craigslist advertisement listing the Greenlee 555 was posted at 11:17 p.m.; (2) apparent attempts had been made to clean spray foam remnants from the Greenlee 555; (3) the Greenlee 555's nameplate bearing its serial and model numbers had been removed; (4) Hagemeister initially purchased the Greenlee 555 used for about $6,000, but repurchased it, and other equipment, from defendant for $2,000; and (5) despite Hagemeister's insistence that the Greenlee 555 was stolen, defendant first claimed the Greenlee 555 belong to his family, but later changed his story, claiming the equipment came from an unnamed friend. Examining this evidence in the light most favorable to the prosecution, *Ericksen*, 298 Mich App at 196, a rational fact-finder could determine the prosecution proved beyond a reasonable doubt that defendant had guilty knowledge of the stolen status of the equipment at the time he received and possessed the Greenlee 555, *Pratt*, 254 Mich App at 427. In order words, we conclude that there was sufficient evidence to support defendant's conviction of receiving and concealing stolen property.

## III. RESTITUTION AWARD

Defendant argues, and the prosecution concurs, that the $6,000 restitution award must be vacated and reduced to $2,000 because the amount of restitution is unsupported by the record and exceeds the amount that can be considered part of defendant's course of conduct. We agree.

## A. STANDARD OF REVIEW

"The proper application of MCL 780.766(2) and other statutes authorizing the assessment of restitution at sentencing is a matter of statutory interpretation, which we review de novo." *People v McKinley*, 496 Mich 410, 414-415; 852 NW2d 770 (2014). "We review a court's

---

[1] Cases decided before November 1, 1990, have precedential effect under the rule of stare decisis, see MCR 7.215(C)(2), though this Court is not strictly bound by such cases, see MCR 7.215(J)(1).

-4-

calculation of a restitution amount for an abuse of discretion, and its factual findings for clear error." *People v Foster*, 319 Mich App 365, 374; 901 NW2d 127 (2017) (citations omitted). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). "A finding is clearly erroneous if, after reviewing the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made." *People v Barritt*, 325 Mich App 556, 561; 926 NW2d 811 (2018).

## B. ANALYSIS

MCL 780.766(2) states, in relevant part:

> Except as provided in subsection (8), when sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the *defendant's course of conduct that gives rise to the conviction* or to the victim's estate. [Emphasis added.]

Similarly, MCL 769.1a(2) states:

> Except as provided in subsection (8), when sentencing a defendant convicted of a felony, misdemeanor, or ordinance violation, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the *defendant's course of conduct that gives rise to the conviction* or to the victim's estate. [Emphasis added.]

As explained by our Supreme Court:

> [T]he statute ties "the defendant's course of conduct" to the convicted offenses and requires a causal link between them. It follows directly from this premise that any course of conduct that does not give rise to a conviction may not be relied on as a basis for assessing restitution against a defendant. [*McKinley*, 496 Mich at 419-420.]

Further, restitution must only compensate for "losses that are (1) easily ascertained and measured and (2) a direct result of the defendant's criminal acts." *People v White*, 212 Mich App 298, 316; 536 NW2d 876 (1995). The restitution amount should be based on the evidence. *People v Guajardo*, 213 Mich App 198, 200; 539 NW2d 570 (1995).

Defendant was convicted of receiving and concealing stolen property under MCL 750.535(3)(a). Thus, any restitution award must be based on his conviction. The PSIR prepared for defendant's sentencing recommended defendant be ordered to pay $6,000 in restitution to Hagemeister, including: (1) $1,500 in lost wages because of court appearances; and (2) $2,000 worth of stolen equipment never recovered. However, the $1,500 in lost wages is entirely separate from the course of conduct giving rise to defendant's conviction. Thus, the trial court abused its discretion in ordering defendant to pay Hagemeister for lost wages. Further, the $2,000 worth of

stolen equipment never recovered could not have been part of defendant's course of conduct because the evidence only proves defendant was in possession of the wire spools, wire cart, hand pipe benders, and the Greenlee 555. Notably, the prosecution concedes the $1,500 in lost wages and $2,000 of stolen equipment never recovered were improperly included in the restitution award because they are not directly related to defendant's course of conduct giving rise to his conviction. As the parties agree there is no evidence defendant was ever in possession of any unrecovered equipment, the $2,000 award is clearly erroneous and also constitutes an abuse of the trial court's discretion. See *Guajardo*, 213 Mich App at 200.

Additionally, although the Greenlee 555 was listed for about $2,400 on Craigslist, Hagemeister stated he paid defendant $2,000 cash for the Greenlee 555, wire spools, wire cart, and hand pipe benders. The record indicates Hagemeister made no other payments to defendant for recovery of any other tools. The PSIR states Hagemeister paid $2,500 to purchase back his equipment from defendant. Although this payment arose from defendant's course of conduct underlying his conviction, this amount is unsupported by the evidence. Again, the prosecution concedes this point and agrees the record only supports a restitution award of $2,000. Therefore, the trial court's restitution award is clearly erroneous and must be vacated to accurately reflect the record. See *Guajardo*, 213 Mich App at 200. We remand for the trial court to reduce the restitution award from $6,000 to $2,000.

## IV. CONSTITUTIONALITY OF STATUTE

Defendant lastly argues MCL 769.1k(1)(b)(*iii*) is unconstitutional because it (1) infringes on defendant's right to appear before an impartial, disinterested, and neutral arbiter and (2) disrupts the separation of powers. We disagree.

## A. STANDARD OF REVIEW

"We review de novo constitutional issues and matters involving statutory interpretation. A statute challenged on constitutional grounds 'is presumed to be constitutional and will be construed as such unless its unconstitutionality is clearly apparent.' " *People v Johnson*, 336 Mich App 688, 692; 971 NW2d 692 (2021), lv gtd 509 Mich 1094 (2022) (citation omitted).

## B. ANALYSIS

Defendant's arguments were expressly addressed and decided in *Johnson*, 336 Mich App at 692-705. Although our Supreme Court has granted leave to appeal this Court's holding in *Johnson*,[2] because *Johnson* is still binding precedent under MCR 7.215(J)(1), we must follow and apply the holding of *Johnson* to this case. See *People v Danto*, 294 Mich App 596, 613; 822 NW2d 600 (2011). In *Johnson*, we held that MCL 769.1k(1)(b)(*iii*) was not facially unconstitutional because (1) court costs imposed under MCL 769.1k(1)(b)(*iii*) must have a factual basis and be reasonably related to the actual costs incurred by the court, and (2) the defendant failed to show MCL 769.1k(1)(b)(*iii*) creates a financial interest strong enough to cause trial courts

---

[2] A conflict panel is forbidden in this matter because *Johnson* is pending before our Supreme Court. See MCR 7.215(J)(3)(b).

to ignore their constitutional mandates. Therefore, applying *Johnson*, defendant's challenges to the facial constitutionality of MCL 769.1k(1)(b)(*iii*) fail, and we affirm the costs ordered by the trial court in defendant's judgment of sentence.

## V. CONCLUSION

We affirm defendant's sentence (including the requirement that he pay costs), but vacate the restitution-award portion of the judgment of sentence, and remand solely for the trial court to reduce the restitution award from $6,000 to $2,000. We do not retain jurisdiction.


/s/ Michelle M. Rick
/s/ Douglas B. Shapiro
/s/ Colleen A. O'Brien