PEOPLE v CROSS

Docket No. 280652. Submitted November 11, 2008, at Lansing. Decided
December 18, 2008, at 9:05 a.m. Leave to appeal sought.

The Genesee Circuit Court, Judith A. Fullerton, J., ordered Clifton
D. Cross, after he was convicted of attempted embezzlement of
$1,000 but less than $20,000, to pay $123,180 in restitution for
income loss. Cross appealed by delayed leave granted.

The Court of Appeals *held*:

The trial court did not abuse its discretion by ordering restitu-
tion.

1. Crime victims have both statutory and constitutional rights
to restitution, Const 1963, art 1, § 24; MCL 780.766, and the Crime
Victim's Rights Act, MCL 780.766(2), mandates that a defendant
make full restitution to any victim of the defendant's course of
conduct. A court may order restitution for lost income when the
loss is supported by the evidence.

2. As required by MCL 780.767(4), the trial court resolved the
dispute regarding the proper amount of restitution after the
prosecution met its burden of demonstrating by a preponderance
of the evidence the amount of the loss sustained by the victim.

Affirmed.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*,
Solicitor General, *David S. Leyton*, Prosecuting Attor-
ney, *Donald A. Kuebler*, Chief, Research, Training, and
Appeals, and *Vikki Bayeh Haley*, Assistant Prosecuting
Attorney, for the people.

*Sheila R. Deming* for the defendant.

Before: MURRAY, P.J., and MARKEY and WILDER, JJ.

PER CURIAM. Defendant appeals by delayed leave
granted his sentence for attempted embezzlement of

$1,000 or more but less than $20,000, MCL 750.174(4)(a). The trial court sentenced defendant to three years' probation, with the first 90 days to be served in jail. We affirm. This appeal has been decided without oral argument pursuant to MCR 7.214(E).

Defendant argues that the trial court erred by ordering him to pay restitution in the amount of $123,180. We disagree. Defendant contends that the trial court lacked statutory authority to order restitution for income loss. Because defendant raises this argument for the first time on appeal, we review defendant's claim for plain error affecting his substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). "Under the plain error rule, defendant[] must show that (1) error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected a substantial right of the defendant." *People v Pipes*, 475 Mich 267, 279; 715 NW2d 290 (2006). Defendant has the burden of persuasion. *Id.*

Defendant argues that no statutory authority explicitly permitted the trial court to order restitution for income loss. He wrongly relies on *People v Shanks*, unpublished memorandum opinion of the Court of Appeals, issued July 26, 1996 (Docket No. 178365), to buttress his argument. An unpublished opinion is not precedentially binding under the rule of stare decisis. MCR 7.215(C)(1). In contrast, a published opinion of this Court has precedential effect under the rule of stare decisis. MCR 7.215(C)(2). At least one published opinion of this Court negates defendant's argument. In *People v Guajardo*, 213 Mich App 198; 539 NW2d 570 (1995), this Court held that because the restitution statute is silent regarding how to determine the amount of loss that the victim sustained, the amount should be "based upon the evidence." *Id.* at 200. This Court also

determined that if the evidence demonstrated loss based on both the replacement value of the stolen items and expected profits, then the trial court may consider lost profits in assessing restitution. *Id.* Further, defendant's reliance on the maxim *expressio unius est exclusio alterius* with respect to MCL 769.1 is misplaced. Under *Guajardo*, the trial court was permitted to order restitution for lost profits under MCL 780.767; consequently, defendant has not established plain error.

Defendant next contends that the prosecutor did not prove by a preponderance of the evidence that $123,180 was the amount that the victim lost. This Court reviews a restitution order for an abuse of discretion. *People v Gubachy*, 272 Mich App 706, 708; 728 NW2d 891 (2006). Generally, an appellate court defers to the trial court's judgment, and if the trial court's decision falls within the range of principled outcomes, it has not abused its discretion. *People v Carnicom*, 272 Mich App 614, 616-617; 727 NW2d 399 (2006). When the question of restitution involves a matter of statutory interpretation, this Court reviews the matter de novo. *Gubachy, supra* at 708.

Crime victims retain both statutory and constitutional rights to restitution. Const 1963, art 1, § 24; MCL 780.766; *People v Grant*, 455 Mich 221, 229; 565 NW2d 389 (1997). Further, the Crime Victim's Rights Act, MCL 780.766(2), mandates that a defendant "make *full restitution* to any victim of the defendant's course of conduct . . . ." (Emphasis added.) To prove the appropriate amount of restitution, MCL 780.767(4) requires:

> Any dispute as to the proper amount or type of restitution shall be resolved by the court by a preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the prosecuting attorney.

"Preponderance of the evidence" means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth. *People v Pugh*, 48 Mich App 242, 245; 210 NW2d 376 (1973). The prosecutor presented evidence, including the victim's extensive, essentially expert, testimony, that defendant embezzled $123,180. While defendant disagrees with this amount, he did not provide any evidence to contradict it. Weighing the prosecutor's evidence against the defendant's lack of countering evidence, the trial court resolved the dispute, determining that the amount suggested by the prosecutor had more convincing force and the greater probability of truth. *Pugh, supra* at 245. Because the trial court's decision did not fall outside the range of principled outcomes, the trial court did not abuse its discretion. *Carnicom, supra* at 616-617.

We affirm.