*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

FISCHER TUCKER IV,

        Defendant-Appellant.

UNPUBLISHED
March 18, 2021

No. 349643
Chippewa Circuit Court
LC No. 18-003540-FH

Before: BORRELLO, P.J., and BECKERING and SWARTZLE, JJ.

PER CURIAM.

Defendant was convicted of being a prisoner in possession of a weapon (prisoner-in-possession), MCL 800.283(4), after entering a guilty plea. He was sentenced as a third-offense habitual offender, MCL 769.11, to serve 57 months to 10 years in prison. Defendant appeals his sentence as on delayed leave granted. We conclude that the trial court clearly erred by assigning 25 points to offense variable (OV) 9. Therefore, we vacate defendant's sentence and remand for resentencing.

## I. BACKGROUND

During the guilty-plea hearing, defendant testified that he possessed or controlled an "implement" that could have been used to injure a prisoner or another person on February 20, 2018, and he pleaded guilty to being a prisoner in possession of a weapon. Defendant did not provide any additional statements about his conduct on the date of the offense. The presentence-investigation report (PSIR) indicates that, while incarcerated, defendant physically assaulted a prisoner with a weapon consisting of a padlock attached to a belt before staff separated him and the victim.

At sentencing, defendant objected to the assessment of 25 points for OV 9 and asserted that the trial court should assess only 10 points for this variable because, although the assault occurred in "the yard" where there were many people, there were only two people where the assault actually occurred, and that only five people were actually placed in danger. The trial court rejected defendant's argument and assigned 25 points to OV 9.

Defendant filed a delayed application for leave to appeal with this Court, which denied the application. *People v Tucker*, unpublished order of the Court of Appeals, entered August 12, 2019 (Docket No. 349643). On February 4, 2020, our Supreme Court remanded the case to this Court for consideration as on leave granted regarding defendant's challenge to the scoring of OV 9. *People v Tucker*, 505 Mich 974; 937 NW2d 643 (2020). The prosecutor chose not to file a brief in this appeal, either before this Court or the Supreme Court. The matter now returns to this Court on remand from our Supreme Court.

## II. ANALYSIS

Under the sentencing guidelines, the trial court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Blevins*, 314 Mich App 339, 348-349; 886 NW2d 456 (2016). "Preponderance of the evidence means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008) (cleaned up). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438. "A sentencing court may consider all record evidence before it when calculating the guidelines, including, but not limited to, the contents of a presentence investigation report, admissions made by a defendant during a plea proceeding, or testimony taken at a preliminary examination or trial." *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012) (cleaned up).

OV 9 addresses the number of victims. MCL 777.39(1). Only "conduct occurring during the offense of which the defendant was convicted may be considered" when scoring OV 9. *People v McGraw*, 484 Mich 120, 124, 135; 771 NW2d 655 (2009) (cleaned up). OV 9 "cannot be scored using uncharged acts that did not occur during the same criminal transaction as the sentencing offense." *Id*. at 121-122. In scoring OV 9, each person "who was placed in danger of physical injury or loss of life or property" must be counted as a victim. MCL 777.39(2)(a). Our Supreme Court has held that a bystander who was not actually the subject of a criminal offense but standing nearby can be "placed in danger of injury or loss of life" for purposes of OV 9. *People v Morson*, 471 Mich 248, 262; 685 NW2d 203 (2004).

The trial court assigned a score of 25 points for OV 9. A score of 25 points is appropriate where "10 or more victims were placed in danger of physical injury or death," but a score of 10 points is appropriate where there "were 2 to 9 victims who were placed in danger of physical injury or death." MCL 777.39(1). Here, the record does not provide any evidence to support the trial court's finding that there were 10 or more victims placed in danger of injury. Defendant conceded that there were five victims in danger at the time of the offense, which included two prisoners who were involved in the fight and the prison guards who separated defendant and the victim. The PSIR indicates only that there was one victim and does not identify the number of staff members who separated defendant and the victim. The only admission defendant made about the incident was that he possessed or controlled an "implement" that could have been used to injure a prisoner or another person on February 20, 2018. There is no evidence in the record indicating how long defendant possessed the weapon or how many people he encountered while he possessed it before

the assault. Therefore, the trial court clearly erred when it assigned 25 points to OV 9 because there is no evidence in the record to support its finding that there were 10 or more victims who were placed in danger of physical injury or death as a result of defendant's possessing the weapon. The proper score for OV 9 is 10 points, given the number of victims who were placed in danger of physical injury or death. Because the scoring error altered defendant's applicable guidelines range, he is entitled to resentencing. *People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006).

We vacate defendant's sentence and remand to the trial court for resentencing. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Jane M. Beckering
/s/ Brock A. Swartzle