*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

MICHAEL ALLEN MILLER,

       Defendant-Appellant.

UNPUBLISHED
September 22, 2022

No. 360063
Ottawa Circuit Court
LC No. 21-044530-FH

Before: MURRAY P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

Defendant Michael Allen Miller was convicted by plea on June 25, 2021, of one count of retail fraud, first-degree, for taking power tools from a hardware store. MCL 750.356c. He was sentenced to 40-60 months in prison with 179 days of jail credit, and ordered to pay restitution in the amount of $2,308.61. Defendant then sought leave to appeal both his sentence and the restitution, which this Court granted. *People v Miller*, unpublished order of the Court of Appeals, entered February 28, 2022 (Docket No. 360063). We affirm.

## I. FACTUAL BACKGROUND

While this appeal pertains only to sentencing issues, a brief description of the case is appropriate. On August 11, 2020, defendant went to Gemmen's Hardware Store in Ottawa County. As he was leaving, a store employee observed that defendant had something hidden under his jacket and informed other coworkers about the issue. Andrew Gemmen then followed defendant out of the store and confronted him in the parking lot, where defendant was already in his vehicle. Gemmen wanted defendant to come back inside the store, and the two briefly struggled. Ultimately, defendant was able to put the vehicle in drive, knock Gemmen from the vehicle, hit a car parked nearby, and drive away.

When defendant was later interviewed about the offense at Kent County Correctional Facility, he admitted to taking the tools without paying for them. Defendant stated to the interviewing officer that he had been able to steal tools from Gemmen's Hardware Store on a previous occasion without being caught. Defendant explained that he then sold the stolen tools in Grand Rapids to support his heroin addiction, and had returned to Gemmen's to steal more tools but was confronted by an employee.

At sentencing, the parties agreed that defendant had pled guilty to a charge of retail fraud in exchange for another similar charge being dismissed and to pay restitution. After setting forth the controlling sentencing law, the trial court judge sentenced defendant above the recommended guidelines for the following reasons:

This is a property offense and in comparison to crimes against person[s] this cannot be considered a serious offense, although in this case a victim was injured. While the guidelines are accurately scored, the guidelines do not consider that you were previously sent to prison or that you have several failed probationary periods. PRV-5 has a maximum score of 20 points for 7 scorable misdemeanors, but you have about 16 prior scorable misdemeanors, thus, PRV-5 does not adequately reflect your prior record. Further, the PRVs do not adequately reflect that you have 11 prior theft crime convictions and 7 prior assaultive convictions.

Regarding rehabilitation, you deny that you have a substance abuse problem, therefore, this court must conclude one of two things. First, you are simply anti-social who steals and hurts people because that's what you do, or in spite of the myriad of programs given to you as a juvenile and while on probation, those programs have simply not worked because you don't want them to work. Your history as reflected in the PSI reflects no real desire to stop using narcotics. The court notes that while on bond for this charge, you committed another retail fraud, first in Kent County for which you have been sentenced to prison. Thus, rehabilitation is unlikely given your lack of investment.

Given your propensity to steal, assault people, and now hurt an individual while stealing, a significant sanction is demanded. Given these factors, the court determines that any sentence within the guidelines would be disproportionately lenient as discussed in detail above because the guidelines do not adequately address your history and continuing pattern of offense. Rather, a proportionate sentence requires a greater minimum sentence.

The court then sentenced defendant to a minimum of 40 months and a maximum of 60 months, gave defendant credit for 179 days previously served, and ordered restitution costs of $2,308.61. The court also ordered defendant to pay state costs and crime victim costs.

Defendant subsequently filed a pro se motion, pursuant to MCR 6.429, for the correction of an invalid sentence and a correction of the record, claiming that the court did not sentence him to 40 months, but rather 14 months. The trial court denied the motion, stating that the sentence was accurate and that it had departed upward from the high end of the sentencing guidelines range, which was 12-24 months.

## II. ANALYSIS

### A. PROPORTIONALITY OF SENTENCE

Defendant first argues that the trial court abused its discretion by improperly sentencing defendant above the guidelines range and disproportionately to his offense and offender status and in violation of his due process rights.[1]

This Court reviews the trial court's sentencing decision for an abuse of discretion. *People v Foster*, 319 Mich App 365, 375; 901 NW2d 127 (2017). A trial court abuses its discretion when its decision falls outside the range of principled outcomes. *People v Cross*, 281 Mich App 737, 739; 760 NW2d 314 (2008).

"A court may depart from the appropriate sentence range established under the sentencing guidelines set forth in chapter XVII if the departure is reasonable and the court states on the record the reasons for departure." MCL 769.34(3). As established in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990),[2] "[t]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principal of proportionality.' " *People v Steanhouse*, 500 Mich 453, 460; 902 NW2d 327 (2017). This Court considers the following *Milbourn* factors when determining the proportionality of a departure sentence:

> (1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines but given inadequate weight. [*People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (citations omitted).]

The trial court clearly articulated the reasons for the upward departure, and considered each of the relevant proportionality factors, focusing on defendant's proven propensity to steal and assault people. The court acknowledged that because this is a property crime case, it is not as serious as a crime against a person. However, the court opined that an upward departure sentence was warranted because of defendant's criminal record, his pending charges, and his lack of personal accountability. Specifically, the court noted that defendant's prior record was not adequately reflected under PRV-5, as he had 11 prior theft convictions and 7 prior assaultive convictions. This fact was properly considered by the trial court as a factor supporting an upward departure.

With respect to the second *Milbourn* factor, the court stated, "[w]hile the guidelines are accurately scored, the guidelines do not consider that you were previously sent to prison or that you have several failed probationary periods." The failure to gain any rehabilitative impact from

---

[1] Although defendant correctly cites the due process clause within the Fourteenth Amendment to the United States Constitution, as well as the due process clause of the Michigan constitution, he incorrectly relies upon the Fifth Amendment's due process clause, as that clause only applies to the federal government. See *De Fuentes v Gonzalez*, 462 F3d 498, 503 n7 (CA 5, 2006), *Learnard v Inhabitants of Van Buren*, 164 F Supp 2d 35, 41 n 3 (D Me, 2001) ("The Fifth Amendment Due Process Clause applies to the federal government rather than a state government . . ."), and *Basile v Elizabethtown Area Sch Dist*, 61 F Supp 2d 392, 403 (ED Pa, 1999) ("The due process clause of the Fifth Amendment is limited to acts of the federal government and has no application to state government actions.").

[2] *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), overruled in part by statute as recognized in *People v Armisted*, 295 Mich App 32, 51-52; 811 NW2d 47 (2011).

prior sentencing is a factor properly considered, and the record firmly supports the trial court's findings in this regard. Not only did defendant learn little from his prior incarcerations, but he also continued to use illegal drugs—which in turn partially led to his continued criminal behavior. His failure to rectify his actions supported the trial court's departure sentence.

Under the final *Milbourn* factor, the court shall review factors considered by the guidelines but given insufficient weight, such as defendant's denial that he has a substance abuse problem and that he has "no real desire to stop using narcotics." The court also properly referred to defendant's charge in Kent County for retail fraud that he committed while on bond for this charge, again reflecting on his inability to discontinue his criminal actions.

Although defendant argues his sentence was not individualized based on his unique factors, the sentencing transcript reflects that it was precisely *because of* his individualized issues that the court determined that "any sentence within the guidelines would be disproportionately lenient." The trial court did not abuse its discretion in the upward departure sentence, and defendant is not entitled to any relief in this regard.

## B. RESTITUTION

Defendant next argues that the trial court improperly ordered defendant to pay restitution in the amount of $2,308.61 because restitution was not agreed upon in the plea deal, and the record lacks proof that the restitution stems directly from the plea conviction.

An appellate court "review[s] a court's calculation of a restitution amount for an abuse of discretion, and its factual findings for clear error[.]" *People v Corbin*, 312 Mich App 352; 880 NW2d 2 (2015) (citations omitted). "Any dispute as to the proper amount or type of restitution shall be resolved by the court by a preponderance of the evidence." MCL 780.767(4). Generally, "[o]nly an actual dispute, properly raised at the sentencing hearing in respect to the type or amount of restitution, triggers the need to resolve the dispute by a preponderance of the evidence." *People v Grant*, 455 Mich 221, 243; 565 NW2d 389 (1997). Unpreserved errors are reviewed for plain error affecting a defendant's substantial rights. *People v Kowalski*, 489 Mich 488, 505; 803 NW2d 200 (2011); see also *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Under plain-error review, reversal is warranted only if the defendant can establish the following: (1) an error must have occurred; (2) that error was plain, i.e., clear or obvious; and (3) that error affected the defendant's substantial rights. *Carines*, 460 Mich at 763.

Defendant did not object to or dispute the restitution order at the sentencing hearing; therefore, this issue is waived. *People v Kimble*, 470 Mich 305, 310; 684 NW2d 669 (2004). Absent defendant's challenge at the sentencing hearing, the court was entitled to rely on the amount of restitution recommended in the presentence report. *Grant*, 455 Mich at 233-234. Therefore, the trial court did not plainly err in ordering defendant to pay $2,308.61 in restitution.

Regardless, the evidence in the presentencing report supports the restitution award. The victim impact statement explains:

> Regarding the items taken, [the victim] report[s] those items were retrieved but they are currently being held for evidence by law enforcement. He did request $2,308.61 for Docket #21-44531-FH for tools taken from his store on a separate incident that were not recovered.

This account is further supported by the agent's description of the offense in the presentence report. The agent stated that "[defendant] told officers he was at Gemmen's Ace Hardware on two occasions. [Defendant] said the first time he was at the store he was able to steal the tools and not get caught . . . he returned . . . and stole more tools, but was confronted by a store employee." Furthermore, defendant's argument that the restitution ordered was for another case misses the mark, as he clearly agreed that he would be expected to pay restitution from all other cases. The presentencing report clearly states, "[t]he Ottawa County Prosecutors Office will charge the defendant as charged, with Docket #21-44531-FH dismissed, *but must make restitution in all matters*." Given this evidence, this Court cannot conclude that the trial court's award of $2,308.61, which was properly based on the recommendation in the presentence report, did not reflect the victim's actual loss. Defendant has failed to establish that the trial court committed plain error in setting restitution in the amount of $2,308.61.

Affirmed.

/s/ Christopher M. Murray
/s/ Colleen A. O'Brien
/s/ James Robert Redford