*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* STEWART-BLAKE/STEWART-
BUTLER/WESTON, Minors.

UNPUBLISHED
October 27, 2022

No. 361286
Genesee Circuit Court
Family Division
LC No. 21-137205-NA

Before: LETICA, P.J., and SERVITTO and HOOD, JJ.

PER CURIAM.

Respondent mother appeals as of right the trial court's order terminating her parental rights to the children ZSB, MSB, and ZW under MCL 712A.19b(3)(b)(*ii*) (parent failed to prevent physical or sexual abuse), (g) (failure to provide proper care and custody), (j) (reasonable likelihood of harm if returned to parent), and (k)(*iii*) (parent battered, tortured, or severely physically abused child or sibling of child).[1] We affirm.

## I. FACTS AND PROCEDURAL HISTORY

In March 2021, the Department of Health and Human Services (DHHS) filed a petition requesting that the trial court take jurisdiction over the children, remove the children from respondent's care, and terminate respondent's parental rights to all three children due to improper supervision and physical neglect.[2] The petition alleged that in January 2021, respondent and ZW's father took ZW, who was two weeks old at the time, to the hospital after noticing ZW's left arm was injured. Doctors concluded that ZW suffered from a "left humerus spiral fracture," i.e., a broken left arm. Respondent was home when ZW was injured and ZW's father was at the store. Respondent and ZW's father at first denied any knowledge regarding how ZW was injured. Respondent later stated that her three-year-old daughter, MSB, could have been playing with ZW

---

[1] ZW's putative father was also a respondent in this action, but the trial court did not terminate his parental rights during these proceedings. ZSB and MSB had different fathers, who were not respondents in this action. The children's fathers are not parties to this appeal.

[2] The petition also requested that the trial court obtain jurisdiction regarding ZW's father, but did not request termination of ZW's father's parental rights.

and grabbed her arm, but respondent admitted she did not see MSB grab ZW's arm. The petition also alleged several instances of domestic violence between respondent and ZW's father, during which respondent was both the victim and perpetrator. The petition further alleged that respondent was involved in eight prior Child Protective Services (CPS) investigations that were ultimately denied but involved allegations of improper supervision and physical neglect and also involved substance abuse and domestic violence. The trial court authorized the petition, placed ZW in foster care, and released ZSB and MSB into the care and custody of their respective fathers.

During the adjudicatory and termination hearing, a CPS investigator testified that respondent and ZW's father brought ZW, who was two weeks old at the time, to the hospital for an arm injury. Doctors determined that ZW's arm was broken between the elbow and shoulder, which was usually an indication of physical abuse because this type of injury did not normally happen to a child of ZW's age. Although respondent initially told CPS investigators at the hospital that MSB grabbed ZW and injured her arm, respondent later admitted to law enforcement that she grabbed ZW's arm. The CPS investigator testified that respondent admitted that she was drinking the night before and was hung over and irritated because of ZW's crying. Respondent went to grab ZW's arm to adjust her and give her a bottle, and she broke ZW's arm. Respondent pleaded guilty to third-degree child abuse because of this incident and was sentenced to 24 months' probation.

A DHHS caseworker testified that respondent's last visit with her children was more than two months earlier, and because of respondent's lack of attendance at visits and because of respondent's substance abuse and domestic violence issues, termination was in the children's best interests. Although respondent had attended substance abuse services at Odyssey House, her participation was rated as only "fair." Respondent also attended domestic violence and conflict resolution classes, but did not demonstrate that she benefited from these classes, as seen from her frequent arguments with ZW's father in front of caseworkers and the fact that she continued to reside with ZW's father.

The trial court concluded that the statutory grounds to obtain jurisdiction over the children were met under MCL 712A.2b(1) and (2), the statutory grounds for termination under MCL 712A.19b(3)(b)(*ii*), (g), (j), and (k)(*iii*) were met, and it was in the children's best interests to terminate respondent's parental rights to all three children.

## II. JURISDICTION

Respondent argues that the trial court erred when it assumed jurisdiction over the children because there was not sufficient evidence to obtain jurisdiction. We disagree.

A trial court's decision to exercise jurisdiction is generally reviewed for " 'clear error in light of the court's finding of fact.' " *In re Kellogg*, 331 Mich App 249, 253; 952 NW2d 544 (2020), quoting *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). However, adjudication errors that are raised after the trial court has terminated parental rights are reviewed for plain error affecting substantial rights. *In re Ferranti*, 504 Mich 1, 29; 934 NW2d 610 (2019). To establish plain error affecting substantial rights, a respondent must "establish that (1) error occurred; (2) the error was plain, i.e., clear or obvious; and (3) the plain error affected their substantial rights. And

the error must have seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id*. (quotation marks, citations, and alterations omitted).

"Child protective proceedings are generally divided into two phases: the adjudicative and the dispositional." *In re Brock*, 442 Mich 101, 108; 499 NW2d 752 (1993). Whether a trial court may exercise jurisdiction over the children is determined in the adjudicative phase. *Id*. To establish jurisdiction, the petitioner must prove by a preponderance of the evidence that a statutory basis for exercising jurisdiction exists under MCL 712A.2b. *Ferranti*, 504 Mich at 15-16. "Preponderance of the evidence means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008) (quotation marks omitted).

In this case, the trial court conducted the adjudicatory portion of the hearing and took jurisdiction over the children under MCL 712A.2(b)(1) and (2), which states the following:

> (b) Jurisdiction in proceedings concerning a juvenile under 18 years of age found within the county:
>
> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship. . . .
>
> * * *
>
> (2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in. . . .

"The fact that there are statutory grounds to assume jurisdiction over one minor child does not automatically mean that there are statutory grounds to assume jurisdiction over a second minor child." *Kellogg*, 331 Mich App at 254. However, the doctrine of anticipatory neglect recognizes that how a parent treats one child is probative of how that parent may treat other children. *In re LaFrance Minors*, 306 Mich App 713, 730; 858 NW2d 143 (2014).

The trial court did not err when it assumed jurisdiction over the children because the allegations in the petition were established by a preponderance of the evidence and supported a statutory basis for jurisdiction under MCL 712A.2b(1) and (2). The petition alleged not only that respondent was supervising ZW when her arm was broken and that there was a five-hour delay in seeking medical care, but also that respondent's explanation regarding how ZW was injured was inconsistent. Respondent initially stated that her other daughter, MSB, grabbed ZW and broke her arm, but respondent later admitted that when she was hung over, ZW was crying and respondent grabbed ZW's arm and broke it. This evidence of respondent's failure to provide proper or necessary support and medical care supported finding statutory jurisdiction under MCL 712A.2b(1) for ZW.

In addition, the petition alleged that respondent had substance abuse and domestic violence issues and engaged in these behaviors in front of the children. Respondent's caseworker testified that respondent and ZW's father argued during their phone calls, cursed at each other, and argued in the parking lot before their parenting time. In addition, ZW's father at one point texted another caseworker stating that respondent was "drinking and acting crazy," and at the time this text message was sent, respondent was pregnant. This evidence of respondent's drunkenness and neglect established that the children's home environment was an unfit place to live and supported finding statutory jurisdiction under MCL 712A.2b(2) for all three children, given that all three children were living with respondent and ZW's father when they were removed from respondent's care. Respondent has failed to cite any evidence to the contrary, such that the statutory grounds to obtain jurisdiction over the children under MCL 712A.2b(1) and (2) were established by a preponderance of the evidence. See *Cross*, 281 Mich App at 740. Therefore, the trial court did not err by assuming jurisdiction over the children.

### III. STATUTORY GROUNDS

Respondent next argues that the trial court erred by finding that the statutory grounds for termination were met. We disagree.

A trial court's determination of statutory grounds for termination is reviewed for clear error. *In re Sanborn*, 337 Mich App 252, 272; 976 NW2d 44 (2021). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*. at 272-273 (quotation marks and citation omitted).

Under MCL 712A.19b(3)(j), termination of parental rights is proper when "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." Harm under MCL 712A.19b(3)(j) includes both emotional and physical harm. *In re Hudson*, 294 Mich App 261, 268; 817 NW2d 115 (2011).

The trial court did not err by determining that there was clear and convincing evidence that there was a reasonable likelihood, on the basis of respondent's conduct or capacity, that the children would be physically and emotionally harmed if returned to respondent's home. Although substance abuse alone, without any connection to abuse or neglect, cannot solely justify termination through the doctrine of anticipatory neglect, *LaFrance Minors*, 306 Mich App at 731, this was not the case here. To the contrary, respondent's physical abuse of ZW was in part the result of her substance abuse issue. Respondent broke ZW's arm because she was hung over and irritated after consuming alcohol the night before. In addition, although respondent had a suitable home and was employed, there was no evidence presented demonstrating her substance abuse and domestic violence issues had been resolved. Respondent attended substance abuse treatment, but did not demonstrate a benefit from these services, she did not present proof of negative drug screens, and there was evidence she consumed alcohol multiple times while pregnant. Respondent also attended domestic violence and conflict resolution classes, but failed to demonstrate that she benefited from these courses, and she fought with ZW's father in front of caseworkers. Given that respondent failed to rectify her substance abuse and domestic violence issues during this case, and that she was involved in eight prior CPS investigations involving the same substance abuse and

domestic violence issues, it was reasonably likely that the children would experience physical harm, mental harm, or both if returned to respondent's care.[3]

## IV. BEST INTERESTS

Respondent argues that the trial court erred by finding that it was in the children's best interests to terminate respondent's parental rights because the trial court did not properly consider respondent's bond with the children and did not properly consider the fact that her two older children were in relative placements. We disagree.

A trial court's determination of best interests is reviewed for clear error. *Sanborn*, 337 Mich App at 276. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id.* at 272-273 (quotation marks and citation omitted).

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). In determining the best interests of the child, the focus is on the child, not the parent. *In re Atchley*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket Nos. 358502; 358503); slip op at 7. In making this determination, a trial court may consider " the child's bond to the parent, the parent's parenting ability, [and] the child's need for permanency, stability, and finality . . . ." *Olive/Metts*, 297 Mich App at 41-42 (citations omitted). The trial court may also consider "a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care," *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014), and a parent's substance abuse problems, *In re AH*, 245 Mich App 77, 89; 627 NW2d 33 (2001). In addition, the trial court is required to consider whether a child is placed with relatives. *Atchley*, ___ Mich App at ___; slip op at 7. "Placement with a relative weighs against termination, but that fact is not dispositive given that a trial court may terminate parental rights in lieu of placement with relatives if it finds that termination is in the child's best interests." *Id.* (quotation marks and citation omitted).

The trial court did not err by finding that it was in the children's best interests to terminate respondent's parental rights. Contrary to respondent's argument, the trial court considered respondent's bond with the children. The trial court was not, however, required to consider the placement of respondent's other two children with their respective fathers. While respondent terms these placements as "relative placements," a child's biological parent is not that child's "relative" for purposes of MCL 712A.19a. and MCL 712A.19b. See *In re Mota*, 334 Mich App

---

[3] In light of our conclusion that termination was appropriate under MCL 712A.19b(3)(j), we need not address the additional statutory grounds, because only one statutory ground must be proven to terminate parental rights. See *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009).

300, 322; 964 NW2d 881 (2020) (discussing the definition of the term "relative" as set forth in MCL 712A.13a(1)(j)).

The trial court properly considered the children's need for stability, permanence, and finality, see *Olive/Metts*, 297 Mich App at 41-42, the children's well-being in their current placements, respondent's visitation history and lack of attendance at visits, see *White*, 303 Mich App at 714, respondent's unresolved substance abuse issues, see *AH*, 245 Mich App at 89, and respondent's history of domestic violence, see *In re Jackisch/Stamm-Jackisch*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357001); slip op at 4. Therefore, the trial court did not err by concluding that it was in all three children's best interests to terminate respondent's parental rights.

Affirmed.

/s/ Anica Letica
/s/ Deborah A. Servitto
/s/ Noah P. Hood