*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* D V LANGE, Minor.

UNPUBLISHED
November 2, 2023

No. 362365
Wayne Circuit Court
Family Division
LC No. 2021-000658-NA

Before: REDFORD, P.J., and O'BRIEN and FEENEY, JJ.

REDFORD, P.J. (*dissenting*).

In this child protective proceeding, I respectfully dissent because I am satisfied the trial court's decisions in this matter were not clearly erroneous. I would affirm.

The majority accurately summarizes the factual and procedural background in this case and correctly sets forth the standard of review.

In this appeal, DHHS argues that the trial court erred when it refused to exercise jurisdiction over DVL under MCL 712A.2(b)(1). I disagree, and conclude that the trial court did not commit reversible error when it declined to assume jurisdiction over the minor child under MCL 712A.2(b)(2).

In memorializing its decision to deny the petition sought, the trial court stated:

So look, I think that the facts are pretty clear. That (DVL) has a very severe detachment disorder. It causes him to act out in very dangerous ways and that the mother has made numerous efforts to try to have (DVL)'s condition addressed. The mother has two other children and, and I'm being told that, look, if the hospital says he's ready to be discharged then as long as she doesn't come and pick him up regardless. It doesn't matter what other circumstances she has to deal with, including the fact that she has two other children who would be at risk if she brought (DVL) home who is, as far as I can tell, that would be like bringing a ticking time bomb into your home. Nobody here has told me what the mother—what, what she was supposed to do except to say she was supposed to go pick him up at the hospital. The rest of it, it's her problem despite the fact that she's made numerous attempts to try to find help for him and been unsuccessful. It's her job to pick him up at the hospital even if it means that her other children are going to be abused because she's a

single parent, and she has three children in one home. I don't know how anybody is supposed to manage that situation. That is beyond my comprehension. No one has explained that to me. I agree that you've made out a record that she failed to pick him up when they, when the hospital, "Said he's ready for discharge", but I, you know, I guess, you know, this is a case that can be appealed. I've never had a case like this. I can't find that the mother—I just don't see how I can find that she's been neglectful or abusive in terms of her actions to date and this is a very prickly problem. It's sad but and maybe, you know, maybe the law needs to be changed or perhaps a dependency petition can be filed because whatever I decide here, (DVL) still needs help. Nobody is going to dispute that. (DVL) needs help. Mother is trying to get him help. Mother is trying to keep her other children safe. I'm being told that she doesn't really have choice. She just has to choose to bring him home or be deemed neglectful on the part of the law and I, I—just that, you know, if I can't figure out what I would do as a parent in a situation like this then how am I supposed to say, well, she's neglectful and she's abusive because she didn't do what I— what I wouldn't know what to do besides what she was doing so, you know, for those reasons I'm going to deny the petition.

As the majority states, the purpose of child protective proceedings is the protection of the child. *In re Brock,* 442 Mich 101, 107; 499 NW2d 752 (1993). "Child protective proceedings are generally divided into two phases: the adjudicative and the dispositional." *Id*. at 108. The adjudicative phase determines whether the trial court may exercise jurisdiction over the child. *Id*. To establish jurisdiction, the petitioner must prove by a preponderance of the evidence that a statutory ground exists under MCL 712A.2(b). *In re SLH*, 277 Mich App 662, 669; 747 NW2d 547 (2008). A "preponderance of the evidence" means evidence of a proposition that when weighed against the evidence opposed to the proposition "has more convincing force and the greater probability of truth." *People v Cross,* 281 Mich App 737, 740; 760 NW2d 314 (2008).

In this matter, DHHS requested that the court assume jurisdiction over DVL under MCL 712A.2(b)(1) and (2), which provide that a court has jurisdiction over a child in the following circumstances:

(1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship. As used in this sub-subdivision:

(A) "Education" means learning based on an organized educational program that is appropriate, given the age, intelligence, ability, and psychological limitations of a juvenile, in the subject areas of reading, spelling, mathematics, science, history, civics, writing, and English grammar.

(B) "Neglect" means that term as defined in section 2 of the child abuse and neglect prevention act, 1982 PA 250, MCL 722.602.

(C) "Without proper custody or guardianship" does not mean a parent has placed the juvenile with another person who is legally responsible for the care and maintenance of the juvenile and who is able to and does provide the juvenile with proper care and maintenance.

(2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in. As used in this sub-subdivision, "neglect" means that term as defined in section 2 of the child abuse and neglect prevention act, 1982 PA 250, MCL 722.602.

There is no indication that DVL's mother did anything other than undertake exhaustive, comprehensive, and costly measures to try to care for DVL. Her refusal to allow DVL to be placed in her home with two other minor children who would be endangered was not an act of neglect, cruelty, drunkenness, criminality, or depravity. Nor was there evidence that she was able, despite her repeated and substantial efforts, to provide DVL with the proper or necessary support in her home.

As a result, I conclude that the trial court did not err when it declined to exercise jurisdiction over DVL under both MCL 712A.2(b)(1) and (2). Petitioner failed to establish that a preponderance of the evidence demonstrated that respondent refused to provide proper or necessary mental health care to her son and that her admitted inability to care for DVL's mental health needs rendered her home statutorily unfit. I would affirm.

/s/ James Robert Redford