*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PYE, Minors.

UNPUBLISHED
October 09, 2024
10:53 AM

No. 368345
Wayne Circuit Court
Family Division
LC No. 2023-000233-NA

Before: CAMERON, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order of disposition concerning her four minor children, HP, JP, MP, and YP.[1] On appeal, respondent-mother challenges the trial court's order taking jurisdiction over the children under MCL 712A.2(b)(1) (parent failed to provide proper support or care necessary for children's health or morals and children are subject to substantial risk of harm to their mental well-being) and (2) (home or environment, by reason of criminality or depravity on the part of a parent, is unfit place for children to live). We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arose after HP disclosed sexual abuse by her mother's boyfriend to her teacher, a counselor, a police officer, and a forensic interviewer. HP told these individuals that respondent-mother knew of the abuse, but failed to intervene. Petitioner, the Michigan Department of Health and Human Services (DHHS), filed a petition asking the trial court to take jurisdiction over the children. HP recanted her allegations at trial. Respondent-mother also testified she was unaware of any abuse and that HP tended to lie. Other witnesses testified consistent with HP's earlier disclosures and the trial court took jurisdiction over the children. This appeal followed.

---

[1] Respondent-mother has another child, TF, who turned 18 during the pendency of this case and is not a subject of this appeal.

## II. JURISDICTION

Respondent-mother argues there was insufficient evidence to assume jurisdiction over the children in this case. We disagree.

### A. STANDARD OF REVIEW

"To properly exercise jurisdiction, the trial court must find that a statutory basis for jurisdiction exists." *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). "Jurisdiction must be established by a preponderance of the evidence." *Id*. " 'Preponderance of the evidence' means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008). "We review the trial court's decision to exercise jurisdiction for clear error in light of the court's findings of fact." *In re BZ*, 264 Mich App at 295. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed[.]" *Id*. at 296. "Whether child protective proceedings complied with a parent's right to due process presents a question of constitutional law, which [this Court] review[s] de novo." *In re Ferranti*, 504 Mich 1, 14; 934 NW2d 610 (2019).

### B. LAW AND ANALYSIS

The trial court took jurisdiction over the children under MCL 712A.2(b)(1) and (2). MCL 712A.2(b)(1) states that a trial court may exercise jurisdiction over a child:

> Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship.

Meanwhile, MCL 712A.2(b)(2) provides that a court may exercise jurisdiction over a child: "Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in."

The trial court in this case heard testimony from several witnesses who described HP's disclosures detailing the abuse. On the other hand, HP testified that she lied about the abuse and respondent-mother testified that HP never disclosed any abuse and that HP often lied. Respondent-mother argues that HP's and respondent-mother's testimonies were more credible, and the trial court should have relied more on these testimonies in reaching its conclusion. But, a witness's credibility is not something for this Court to decide on appeal. See *In re TK*, 306 Mich App 698, 710; 859 NW2d 208 (2014) ("This Court gives deference to a trial court's special opportunity to judge the weight of the evidence and the credibility of the witnesses who appear before it."). Because there

was testimony describing HP's abuse allegations, there is nothing clearly erroneous with the trial court's conclusion that jurisdiction was proper under MCL 712A.2(b)(1) and (2).[2]

Respondent-mother also challenges some of the other witnesses' testimonies, contending that they included inadmissible hearsay, and, therefore, the trial court should not have relied on them in deciding this case. But, respondent-mother fails to cite any specific statement she believes was inadmissible hearsay. This argument is therefore abandoned on appeal. See *In re ASF*, 311 Mich App 420, 440; 876 NW2d 253 (2015) ("This cursory argument, made without citation to relevant authority or application of the law to the facts, is insufficiently briefed, and we consider it abandoned.").

Affirmed.

/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly
/s/ Kristina Robinson Garrett

---

[2] It was also proper for the trial court to take jurisdiction of the other children on the basis of HP's allegations. See *In re LaFrance Minors*, 306 Mich App 713, 730; 858 NW2d 143 (2014) (quotation marks and citation omitted) ("How a parent treats one child is certainly probative of how that parent may treat other children.").