*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KEVIN PATRICK MCCONNELL,

Defendant-Appellant.

UNPUBLISHED
December 05, 2024
12:59 PM

No. 359856
Isabella Circuit Court
LC No. 12-000506-FC

ON REMAND

Before: CAMERON, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

This case returns to the Court on remand from the Michigan Supreme Court for reconsideration in light of the Supreme Court's recent decision in *People v Butka*, ___ Mich ___; ___ NW3d ___ (2024) (Docket No. 164598).[1] For the reasons set forth in this opinion, we vacate the trial court's order denying defendant's motion to set aside his juvenile adjudication and remand for further proceedings consistent with our decision.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case concerns defendant's motion to set aside his plea-based juvenile adjudication of one count of third-degree criminal sexual conduct, MCL 750.520d(1)(d), that occurred between January 1, 1998 and April 15, 1999. During the motion hearing in the trial court, the victim gave a statement opposing defendant's motion. The trial court denied the motion, stating that its "main issue" was "the feelings of the victim," and that it would not be "appropriate to grant an expungement like this when our victim has appeared numerous times in court, every time the case has been scheduled, she's been here. And when she's not in favor of it." The court later also explained, when denying defendant's motion for reconsideration, that "I have to believe that if I

---

[1] *People v McConnell*, ___ Mich ___; 11 NW3d 473 (2024).

exercise my discretion and granted this expungement, that that would be probably very painful for [the victim]. And to be candid, after all she's gone through I'm not interested in causing any mental anguish."

We affirmed the trial court's order on appeal, stating that "[c]ontrary to defendant's suggestion, at no point during the proceedings did the trial court state that it was denying the motion because similarly-situated adults were ineligible." *People v McConnell*, unpublished per curiam opinion of the Court of Appeals, issued May 18, 2023 (Docket No. 359856), p 5. We explained that the proper inquiry concerned: "(1) the circumstances and the defendant's behavior since the offense was committed, and (2) consideration of the public welfare." *Id*. at 4. Relying on *People v Butka*, unpublished per curiam opinion of the Court of Appeals, issued May 19, 2022 (Docket No. 356977), we held, in part, that the trial court was within its discretion to deny defendant's motion because consideration of the victim's wishes was consistent with consideration of the public welfare:

> We likewise disagree defendant's suggestion that it was improper for the trial court to rely on the victim's testimony. We rejected this argument in *Butka*, unpub op at 5, in which the defendant argued it was improper for the trial court to rely on the testimony of the defendant's victims because the "public welfare" factor was only concerned with the public at large. [*McConnell*, unpub op at 7 n 5.]

We further explained:

> Similarly here, the trial court acknowledged the seriousness of defendant's actions, and did so in the context of the impact those actions had on the victim. The court expressed that what it was "concerned about is the feelings of the victim," and while it may be proper to set aside an adjudication for criminal sexual conduct "where a victim was of the belief that it would be proper for the Court to grant an expungement," such was not the case here. In sum, we disagree with defendant's characterization that the trial court "usurped" the Legislature's because, plainly, it did not. The court's statements concerning eligibility for adult offenders merely provided context for its conclusion that setting aside the adjudication would be contrary to the public welfare.

*       *       *

> Thus, contrary to defendant's argument that the court relied solely on the nature of the offense, the court focused primarily on whether setting aside the adjudication would be consistent with the public welfare, i.e., the impact on the victim if the adjudication were set aside. [*McConnell*, unpub op at 6-7.]

Defendant sought leave to appeal with the Michigan Supreme Court, which, in lieu of granting his appeal, remanded the case to us to reconsider our decision in light of *Butka*.

## II. STANDARDS OF REVIEW

The trial court's decision to deny defendant's motion to set aside his juvenile conviction is reviewed for an abuse of discretion. *People v McCullough*, 221 Mich App 253, 256; 561 NW2d

114 (1997).  The court abuses its discretion if its decision does not fall within the range of principled outcomes.  *People v Cross*, 281 Mich App 737, 739; 760 NW2d 314 (2008).  A trial court necessarily abuses its discretion when it "operates within an incorrect legal framework." *People v Everett*, 318 Mich App 511, 516; 899 NW2d 94 (2017) (quotation marks and citation omitted).

### III.  ANALYSIS

Under MCL 712A.18e(1), "a person who has been adjudicated of not more than 1 juvenile offense that would be a felony if committed by an adult" with the ability to "file an application with the adjudicating court or adjudicating courts for entry of an order setting aside the adjudications."  The trial court has the discretion to set aside one juvenile conviction that would have been a felony if committed by an adult if it "determines that the circumstances and behavior of the applicant from the date of the applicant's adjudication to the filing of the application warrant setting aside the 1 adjudication . . . and that setting aside the adjudication or adjudications is consistent with the public welfare . . . ."  MCL 712A.18e(9).  Accordingly, a trial court considering an application to set aside a juvenile adjudication may only exercise its discretion to do so if it determines that: (1) the circumstances and behavior of the applicant warrants setting aside the adjudication; and (2) the setting aside of the adjudication is consistent with the public welfare.  *Id*.

In *Butka*, ___ Mich at ___; slip op at 2, the defendant pleaded no contest to one count of third-degree child abuse.  *Id*.  The defendant applied to have his conviction set aside, which was denied by the trial court, in part, because it was inconsistent with the public welfare to grant the application, in the trial court's view, when the victims were still emotionally impacted by the underlying criminal acts.  *Id*.  On appeal, we held that the trial court had to balance the circumstances and behavior of the applicant against the public welfare.  *Id*. at ___; slip op at 6.  We also held that the trial court could, within its discretion, conclude that granting the defendant's application would be inconsistent with the public welfare on the basis of the negative impact that granting it would have on the victims.  *Id*.

The Michigan Supreme Court reversed this Court's decision and remanded for entry of the order setting aside the defendant's conviction.  The Supreme Court disagreed with our interpretation of MCL 780.621(14), stating that the language "plainly states that the circumstances and behavior of the applicant must justify setting aside the conviction *and* that setting aside the conviction must be consistent with the public welfare."  *Id*. at ___; slip op at 8.  The Court explained that that language did not involve a balancing test; rather, it amounted to a "two-element standard in which each element *must* be met."  *Id*.

Addressing the proper construction of the term "public welfare," the Supreme Court determined that the term referred to the prosperity, well-being, or convenience of the public at large, as distinguished from a limited class.  *Id*. at ___; slip op at 9.  The Court disagreed that a victim—or victims—amounted to the public at large:

> The Court of Appeals was not technically wrong in its assertion that the public is comprised of each individual person within it, but the assertion that these two victims make up the public disregards the legal term of art, which expressly

disavows an interpretation that allows the public welfare to be determined by the interests of such a limited class of individuals. [*Id*. at ___; slip op at 10.]

The Court concluded that trial court did not err by hearing the victims' statements, but the trial court could not determine that granting the application was inconsistent with the public welfare solely on the basis of statements by two persons who did not represent the prosperity, well-being, or convenience of the public at large. *Id*. The Court determined that the lower court had to provide a better explanation than simply citing the victims' welfare: "[W]hile granting defendant's application to set aside his conviction may not have been consistent with the welfare of the victims, the lower courts did not explain why granting defendant's application to set aside his conviction would not be consistent with the broader *public's* welfare." *Id*.

The Supreme Court also rejected the contention that a trial court may deny an application solely because a victim opposes it:

> The lower courts' interpretation of the "public welfare" element creates an insurmountable obstacle that frustrates the underlying purpose of allowing formerly convicted individuals a meaningful opportunity to set aside an eligible conviction. The statute cannot afford formerly convicted individuals a meaningful opportunity to set aside an eligible conviction if the public-welfare element is reduced to whether the victim of a crime supports the defendant's application. Instead, the views of such a limited class of individuals would in many instances operate as an effective veto for an otherwise meritorious request to set aside a past conviction. [*Id*. at ___; slip op at 14.]

In this case, the trial court largely rested its decision to deny defendant's motion on the basis of the victim's opposition to it. The court stated that "the main issue I'm concerned about is the feelings of the victim," and indicated it would have been inclined to grant defendant's motion "[i]f I had a case where a victim was of the belief that it would be proper for the Court to grant an expungement . . . ." The court continued that

> I just in good conscious [sic] don't feel it would be appropriate to grant an expungement like this when our victim has appeared numerous times in court, every time the case has been scheduled, she's been here. And when she's not in favor of it. So, I just don't feel it's appropriate granting the expungement and I'm going to deny it.

It appears, therefore, that the trial court did what the Michigan Supreme Court stated that it could not do: give the victim a veto power that frustrated the underlying purpose of the act and deprived defendant of a meaningful opportunity to have his application considered on the merits. See *Butka*, ___ Mich at ___; slip op at 14. Moreover, to the extent the trial court relied on the victim and her opposition as constituting the "public welfare," such a determination was improper under *Butka*. It was, therefore, an abuse of discretion for the trial court to deny defendant's motion on the basis of the victim's opposition to it. Unlike the case in *Butka*, however, this case does not involve a sufficiently developed record to decide as a matter of law whether defendant has established the elements necessary to reach a decision on the merits. Given the state of the record, the trial court

should decide the issue, in light of *Butka*, in the first instance and give the parties the opportunity to present their arguments and any additional evidence.

The trial court's order is vacated and the case is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly